Wm. H. Burt, Appellant, *vs.* McKinstry & Seely, et al., Respondents.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

Declarations made by a party who has conveyed his title or interest in property, made subsequent to such conveyance and disconnected with it, cannot be received to invalidate the title of the grantee, or those claiming under him. The same rule applies to a voluntary assignment for the benefit of creditors.

If a voluntary assignment, purporting to be for the benefit of creditors, shows upon its face, an intent to hinder, delay or defraud creditors, it will be declared void as to them, and this intent may appear from the instrument in various ways: as by providing that the goods or property may be sold on credit, that the debtor reserves a part of the property for his own use, (when required to assign the whole), requiring the creditors to discharge their debts in full as a condition of sharing in the benefits of the conveyance, or by showing that the grantor had more than sufficient property at the time of the assignment, for the payment of all his debts.

Points and authorities of the Appellants :

*First.*—That the Judge did not err in permitting the Plaintiff to give in evidence on the trial in the court below, the declarations and admissions of Horace K. McKinstry, one of the Defendants, made some time after the execution and delivery of the assignment, as proof of the intent with which the assignment was made.

*Second.*—That the testimony of the witnesses, Rowell, Groff, and Cutter, as to the declarations of the Defendant McKinstry, made subsequent to the assignment, was properly admitted by the court at the trial as tending to show and elucidate the intent with which the assignment was made: and that there was no error in the ruling of the court admitting the testimony of those witnesses for that purpose.

*Third.*—That the Defendant, Horace K. McKinstry, was a party to the record and a party in interest in the action, and that the declarations and admissions of such party are admissible in evidence against the party making them; and that the Defendants' objections at the trial to proof of the declarations and admissions of the Defendant McKinstry subsequent to the making of the assignment, were properly overruled by the court, and the testimony properly admitted; and that the court below erred in ordering and granting a new trial in

this action because of the admission of such testimony upon the trial.

*Fourth.*—That upon the trial of the action it was material for the Plaintiff to show the intent with which the assignment was made; and that the declarations and admissions of one of the assignors and Defendant, Horace K. McKinstry, made subsequent to the assignment, were competent and material evidence for that purpose, as going to show that the assignment was made with an intent to hinder, delay and defraud creditors.

*Fifth.*—That the declarations and admissions of an assignor in a deed of voluntary assignment, made subsequent to the assignment, and while the assignor remains in the possession of the assigned property, are competent and admissible evidence against the assignee, as well as against the assignor in proof of the intent, and to show the purpose, with which the assignment was made.

*Sixth.*—That the declarations of an assignor in a deed of voluntary assignment for the benefit of creditors, made subsequent to the execution and delivery of the assignment, are competent and admissible evidence against all the parties to the assignment, to show the intent with which the assignment was made; and that the assignee in such a conveyance is not a purchaser for a valuable consideration, and has no greater rights than the assignor possessed, and takes the conveyance subject to all the infirmities it had in the hands of the assignor; and that knowledge, notice or privity, on the part of the assignee, of a fraudulent intent on the part of the assignor, is not requisite to invalidate the assignment.

*Seventh.*—That where a joint interest, a conspiracy, a combination to defraud, or a community and privity of design is shown, the declarations and admissions of one Defendant are competent and admissible evidence against his co-defendant, whether made prior or subsequent to the doing of the principal act.

*Eighth.*—That the court below did not err upon the trial of the action in refusing to allow the Defendant, Horace K. McKinstry, to testify, state and answer directly as to the

object or intent with which McKinstry & Seely made the assignment.

*Ninth.*—That upon the trial of the action the court below properly sustained the Plaintiff's objection to the following question put by the Defendants' attorney to the Defendant McKinstry while upon the stand as a witness, namely :

" What was the object or intent with which McKinstry & Seely made this assignment ? if you know, state." And that it was not competent for the Defendant McKinstry as a witness to answer thereto, and that the testimony was properly excluded.

*Tenth.*—The charge of the court to the jury, "That the deed must have been completed and in the presence of the parties at the time of the acknowledgement, and the schedules were a necessary part of the deed—if you find that the deed was not so completed, the deed was void,"—was properly given and in no wise erroneous.

*Eleventh.*—That upon the hearing of the motion for a new trial, the court below erred in receiving the affidavit of J. W. Boxell, one of the jurors who sat upon the trial of the cause, to invalidate the verdict of the jury—or to show irregularity in the proceedings of the jury, or in their verdict.

*Twelfth.*—That the evidence upon the trial was sufficient to justify the verdict, and when that can be seen, this court will not overrule the finding of the jury.

*Thirteenth.*—That it was established upon the trial by sufficient proof, that the assignment was made and executed with intent to hinder, delay and defraud creditors.

*Fourteenth.*—That if this court can see that justice has been done by the verdict, a new trial should not be granted. ·

*Caldwell vs. Williams,* 1 *Carter (Indiana) Repts.* 405 ; *Waterbury vs. Sturtevant,* 18 *Wend.* 355 ; *Commonwealth vs. Crowningshield,* 10 *Pick.* 497 ; *Willis vs. Farley,* 3 *Carr & Payne,* 375 ; *Babb vs. Clemson,* 10 *Serg. & Rawle,* 419; *Wilber vs. Strickland,* 1 *Rawle,* 458 ; *Clayton vs. Anthony,* 6 *Rand.* 285 ; *Ritenback vs. Ritenback,* 1 *Rawle,* 362 ; 1 *Greenleaf's Ev. Sec.* 111 ; *Crary vs. Sprague,* 12 *Wend,* 41 ; *Wilson, et al., vs. Ferguson and Lamont,* 10 *How. P. R.* 175.

*Pike vs. Wiggin,* 8 *N. Hamp.* 356 ; *Phelan vs. Bonham,* 4

*Eng.* 389 ; *Tenny vs. Evans*, 14 *N. Hamp.* 343 ; *Dufield vs. Cross*, 12 *Ill.* 397 ; *Wells vs. Fairbanks*, 5 *Texas*, 582 ; *Beals vs. Ledlow*, 14 *Ala.* 523 ; *Harvey vs. Anderson* 12 *Geo.* 505 ; *Dawson vs. Hall*, 2 *Mich.* 390 ; *Carelton vs. Patterson*, 9 *Foster* (*N. Hamp.*) 580 ; *Robinson vs. Wiley*, 1 *Hemp.* 38 ; *Fickle vs. Swift*, 41 *Maine R.* 65 ; 2 *B. Monroe*, 359 ; 1 *Greenl'f. Ev. Sec.* 171, 172, 174, 180.

*Palmer vs. Severance*, 9 *Ala.* 751 ; *Falknar vs. Leith*, 15 *Ala.* 9 ; *Gaither vs. Martin*, 3 *Md.* 146 ; *Black vs. Foster, et al.*, 28 *Barb. S. C.* 387.

*Reichart vs. Castator*, 5 *Binn.* 109 ; *Hunter vs. Jones*, 6 *Rand.* 541 ; *Trother vs. Watson*, 6 *Humph.* 509 ; *Oldham vs. Bently*, 6 *B. Monroe*, 28 ; *Weaver vs. Yeatmans*, 15 *Ala.* 539 ; *Burke vs. Miller*, 7 *Cush.* 547 ; *Newcombs vs. Leavitt*, 22 *Ala.* 631 ; *Carnaham vs. Wood*, 2 *Swan* (*Tenn.*) 500 ; *De France vs. Howard*, 4 *Iowa*, 524 ; *Thompson vs. Thompson*, 9 *Ind.* 323 ; *Johnson vs. The State*, 29 *Ala.* 62 ; *Alexander vs. Gould*, 1 *Mass.* 165 ; *McKee vs. Gilchrist*, 3 *Watts*, 230 ; *Common. wealth vs. Eberle*, 3 *Serg. & Rawle*, 9 ; *Van Nest vs. Yoe*, 1 *Sandf. Ch. R.* 4 ; *Mead vs. Phillips*, 1 *Sandf. Ch. R.* 83 ; *Johnson vs. Thweat*, 18 *Ala.* 741.

*Gramble vs. Johnson*, 9 *Mis.* 605 ; *Kendall vs. Hughes*, 7 *B. Monroe*, 368 ; *Kinser vs. Mitchell*, 8 *Bar.* 64 ; *Humphries vs. McCrow*, 4 *Eng.* 91.

*Mitchum vs. The State*, 11 *Geo.* 615 ; *Handy vs. Johnson*, 5 *Md.* 540 ; *Johnson vs. The State*, 11 *Geo.* 55.

*Greenleaf, et al., vs. Edes*, 2 *Minn.* 264 ; *Pierson vs. Manning*, 2 *Mich.* (*Gibbs*) 445 ; 5 *Johns. Ch. R.* 329 ; 3 *Whart.* 485 ; 4 *Whart.* 500 ; 5 *Watts & Serg.* 145 ; 1 *Barr.* 101 ; 3 *Barr.* 136 ; 20 *Pick.* 321 ; 4 *Scam.* 14 ; 11 *Ala.* 881, 1068 1084 ; *Griffin vs. Marquardt*, 17 *N. Y.* 28 ; *Platt vs. Lott*, 17 *N. Y.* 478 ; *Bridge vs. Eggleston*, 14 *Mass.* 245 ; *Foster vs. Hall*, 12 *Pick.* 89 ; *Howe vs. Reede*, 12 *Me.* (3 *Fair.*) 515.

*Peak vs. Stout*, 8 *Ala.* 647 ; *Sodusky vs. McGee*, J. J. *Marsh*, 621.

*Moir vs. Brown*, 14 *Barb. S. C.* 39 ; *Cook vs. Remington*, 8 *Md.* 227 ; *Tauch vs. Clay*, 1 *Ventirs*, 185 ; *Pigots' Case Roll. abs.* 29 ; *Sans vs. Pitt, Moore*, 359 ; *Moore vs. Bickman*, 4 *Binn.* 1 ; *Coit vs. Starkweather*, 8 *Conn.* 289 ; *Wilkinson vs.*

*The Anglo California Gold Mining Co.* 12 *Eng. Law and Eq.* 444; *Wilkes vs. Ferris*, 5 *Johns.* 335.

*Vaize vs. Delaval*, 1 *T. R.* 11; *Jackson vs. Williamson, Bart, et al.* 2 *T. R.* 281; *Lessee of Cluggage vs. Swan*, 4 *Binn.* 150; *Grinnell vs. Phillips*, 1 *Mass.* 530; *Commonwealth vs. Drew, et al.* 4 *Mass.* 399; *Bridge vs. Eggleston*, 14 *Mass.* 248; *St. Martin vs. Denoyer*, 1 *Minn.* 156; 1 *Greenlf. Ev. Sec.* 252; *Walker vs. Kennison*, 34 *N. Hamp.* 257; *Chadbourne vs. Franklin*, 5 *Gray (Mass.)* 312; *Amsby vs. Dickhouse*, 4 *Cal.* 192; *Castro vs. Gill.* 5 *Cal.* 40.

3 *Johns.* 532, 2 *Caines* 90, 5 *Johns.* 138, 8 *Wend.* 672, 2 *T. R.* 4, 1 *Bos. & Pul.* 339, 1 *Taunt*, 12; 12 *Wend.* 41.

Points and authorities of Respondents :

*First.*—The evidence upon the trial in the court below was insufficient to justify the verdict.

(A.)   The evidence upon the trial showed that a proper and valid deed of assignment, with schedules annexed, was made, executed, acknowledged and delivered by the Respondents, McKinstry & Seely to Enos B. Raymond.

(B.)   It was not proved by the Appellant by any sufficient testimony, that the deed of assignment was made or executed with intent to hinder, delay or defraud creditors, or with any fraudulent or dishonest intent whatever.

*Second.*—The Judge in the court below erred in permitting the Plaintiff in the court below to give in evidence on the trial the declarations and statements of Horace K. McKinstry, one of the Defendants, made some time after the execution and delivery of the assignment to the assignee, Raymond, as proof of the intent with which the deed of assignment was made.

Declarations of parties to be admissible in evidence as a part of the *res gesta*, must be contemporaneous with the main fact under consideration, and to which they are intended to give character. *In the matter of Taylor*, 9 *Paige Ch. Rep.* 616; *Enos V. Tuttle*, 3 *Cow. Ch. Rep.* 250; 2 *Philips' Ev.* 185, (*Ed.* 1859.)   All the cases agree that declarations made by a person after he has parted with his right, are utterly inadmissible to affect any one claiming under him.   2 *Phil. Ev.* 322,

*and cases therein cited.* Nor are such admissions evidence to show fraud in the deed as to creditors. *Alexander vs. Gould,* 1 *Mass. Rep.* 165 ; *Clark vs. Waite,* 12 *id.* 439 ; *Phenix vs. Ingraham's Assignees,* 5 *John.* 412, 415, 426. Even though they be sworn admissions to a bill in chancery.. *Doyle vs. Sleeper,* 1 *Dana's Rep.* 531. Even if it be doubtful whether the declarations were made before or after the deed, they cannot be received. *Stockett vs. Watkins' Adm'rs.* 2 *Gill & John.* 326, 343, 344 ; 1 *Phil. Ev. (last Ed.)* 322. Declarations made by the assignor or vendor of property after the transfer are not admissible. *The State vs. Jannings,* 5 *Eng.* 428 ; *Little vs. Allison,* 8 *Geo.* 201; *Price vs. Branch Bank at Decatur,* 17 *Ala.* 374 ; *Kittles vs. Kittles,* 4 *Rich.* 422 ; *Garland vs. Harrison,* 17 *Miss.* (2 *Bennett*), 282 ; *Limpkins vs. Rogers,* 15 *Ill.* 397, 1 *Phil. Ev.* 322. Declarations made by a debtor a week or two after having made an assignment of his property for the benefit of creditors, are inadmissible as evidence to invalidate the assignment. *Ogden vs. Peters and others,* 15 *Barb. S. C. Rep.* 560. Admissions of an assignor of property assigned to trustees for the benefit of his creditors, made subsequent to the execution of the assignment, are not legal evidence against the assignees. *Hanna and others vs. Curtis and others,* 1 *Barb. Ch. Rep.* 263 ; *Bridge vs. Eggleston,* 14 *Mass.* 425.

*Third.*—The District Court Judge erred in charging the jury, in substance, as matter of law, that if the deed of assignment and the schedules were not annexed together at the time of its execution and acknowledgement, the assignment was void ; the testimony showing that there was an annexation of the schedules at the time of the execution of the assignment, and after they had become separated, a subsequent annexation. *Burrill on Assign. and cases cited, pages* 263, 266, 276, 277, 279.

*Fourth.*—The Judge erred upon the trial in not permitting the Defendant, McKinstry to testify as to the intent with which the instrument of assignment was executed. *Compiled Stat. Minn.* 681, *Sec.* 51, *Id.* 459, *Sec.* 4.

*Fifth.*—The order granting a new trial by the Judge before whom the case was tried in the court below, will not be

reversed by the Supreme Court in any case of doubt or uncertainty, as the order cannot prejudice the rights of the Appellant, and is consonant with justice.

Wm. H. Burt, Appellant, in person.

Gold T. Curtis, Counsel for Respondents.

*By the Court.*—Atwater, J.   This was an action brought in the District Court of Washington county, on behalf of the Appellant, and other judgment creditors who might choose to join, to set aside a deed of assignment, made by McKinstry & Seely to Enos B. Raymond, in trust for the benefit of the creditors of the assignors.   The pleadings are voluminous, and numerous issues were raised, which were submitted to a jury at the November term, 1859, of that Court, and a verdict rendered for the Plaintiff.   The Defendants moved for a new trial, which was granted, and an order entered allowing a new trial. From this order the Plaintiff appeals to this Court.

In the view which is taken of this case by the Court, it would perhaps be unnecessary to notice any of the several grounds upon which a new trial was urged in the Court below. But as it is important that the law of this State should be settled, upon the point on which a new trial was granted, and as the same has been distinctly presented for adjudication, it is proper that it should be considered in this connection.

Upon the trial of the cause, the Plaintiff introduced several witnesses to prove the declarations of McKinstry, one of the assignors, *made subsequent to the assignment,* as to the value of the property of the assignors, at the time of the assignment, and the purpose with which the same was made, &c., the object being to show an intent to hinder and delay creditors, and protect their property from execution by means of the assignment.   This testimony was objected to by the counsel for the Defendants, but was allowed by the Court.   This was manifestly erroneous.   Declarations made by a party who has conveyed his title or interest in property made subsequent to such conveyance, and disconnected with it, cannot be received to invalidate the title of the grantee, or those claiming under

him. This principle is well settled by elementary authorities, and numerous decisions of adjudicated cases in different States. *Green. Ev. Sec.* 180, 1 *Vol.; Part* 1, *Cow. and Hills notes on Phil. Ev. p.* 276; *Ogden vs. Peters,* 15 *Bar. S. C.* 560; *Hanna vs. Curtis,* 1 *Bar. C. R.* 263; *Bridge vs. Eggleston,* 14 *Mass.* 245; *Bartlett vs. Delprat,* 4 *Mass.* 702; *Phenix vs. Ingraham's Assignees.* 5 *John.* 412; *Freur vs. Everston,* 20 *John.* 142; *Doyle vs. Sleeper,* 1 *Dana Rep.* 531; 2 *Gill and John.* 326, 343–4. The authorities on this point are based upon sound principle, as the admission of such evidence would often be productive of the most dangerous consequences. A grantor would have it in his power, by collusion with a real or fictitious creditor or other party, to deprive his grantee or his assigns of their property, by a species of proof which it might be difficult if not impossible to rebut. Nor can it be properly urged that the case of a voluntary assignment for the benefit of creditors should form an exception to the rule; for although the trustee in such case is not regarded as a purchaser for a valuable consideration, yet he is not the real party in interest, but the creditors of the assignor, who may mostly desire to sustain the conveyance. The learned Judge upon discovering his error in the admission of this testimony, hastened to correct it by granting a new trial.

But in the view of this Court, no issue of fact is presented by the pleadings, and therefore a new trial was improperly granted; or perhaps it would be more proper to say that an issue of law is tendered, the decision of which will render unnecessary the trial of the issues of fact embraced in the pleadings. The statute (*Sec.* 1, *Chap.* 51 *Comp. Stat.*) provides that "every conveyance or assignment in writing or otherwise, of any estate or interest in lands, or of goods, chattels or things in action, or of any rents, issues or profits, made with the intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts or demands, and every bond or other evidence of debt given, suits commenced, decree or judgment suffered, with the like interest [intent] as against the person so hindered, delayed or defrauded, shall be void." The principal inquiry in actions of this nature is as to the *intent* of the grantor in making the conveyance. If it appears

from the instrument itself, or the pleadings in the case, that the intent is such as is prohibited by Statute, it precludes the necessity of examining into facts *aliunde* by the Jury. This intent may appear from the instrument in various ways, as by providing that the goods or property may be sold on credit, that the debtor reserves a part of the property for his own use, (when required to assign the whole) requiring the creditors to discharge their debts in full as a condition of sharing in the benefits of the conveyance, or by showing that the grantor had more than sufficient property, at the time of the assignment, for the payment of all his debts. Assignments of the nature of the one under consideration, have always been looked upon with disfavor in the eye of the law, and are only sustained on the principle that they are for the *benefit* of creditors, and when it appears that they are made with an intent to prejudice the rights of creditors, they are obnoxious to the law, and must be avoided. The Statute is broad and comprehensive, aiming not merely to prevent the debtor from defeating his creditors in the collection of their debts, but even from in any manner *hindering* or *delaying* them.

The complaint in this case sets forth at length the assignment of the Defendants McKinstry & Seeley, to Raymond. In this instrument, (or in the schedule forming a part of the same) the grantors have given a description of the property assigned, and have carried out opposite the several items the value of the same, with the exception of the notes and judgments in their favor, which are put in as the amounts appear on their face. The amount of their indebtedness is also stated, and shows about $28,000. The value of their property as estimated by the Defendants in round numbers (including the notes and judgments at their face) is $85,000. This is estimating one item mentioned in the schedule at $300, about which the pleadings are in conflict, the complaint claiming that the figures read, and were intended to read $34,000, while the Defendants aver they read and were intended to read 3 to $700. This wide difference between the two values of the disputed item (an interest in certain logs) appears to be caused by the illegibility of the writing in the original schedule. The valuation of the real and personal property (exclusive of notes,

accounts and judgments) is $53,945.   The amount of interest due on the notes and accounts, either in favor of, or against the assignors, is not stated in the schedule.

In this connection it will be proper to consider the allegations of the complaint and the denials of the answer respecting the value of this property.   The complaint states " that on the said 12th day of August (the date of the assignment) the value of the property described and embraced in the papers marked " Schedule A" and " Schedule A continued," * * exceeded in amount as therein stated and valued, the sum of one hundred and ten thousand dollars, exclusive of interest, and that the said property was at the time of executing the said instrument of assignment, as this Plaintiff is informed, worth and of the value of seventy-five thousand dollars and more."

The denial of this allegation is as follows :   " The Defendants further answering the said complaint, deny upon their belief, that on the 12th day of August, A. D. 1858, or since that time, the real and personal property of the Defendants McKinstry & Seely amounted to or was of the cash value of seventy-five thousand dollars, and aver that at the date of the assignment in said complaint mentioned, there was little or no sale for cash for real estate either in the county of Washington, in this State, or in Pierce county, Wisconsin, and that the same was equally true in regard to personal property ; that the estimates of the value of real and personal property in the schedule referred to in said complaint were made in good faith by Defendants McKinstry & Seely, based upon the prices and value which similar real and personal property had borne prior to said 12th day of August, 1858, and that owing to the utter prostration in the real estate business, and in all kinds of trade, both throughout the States of Wisconsin and Minnesota, and throughout the Northern United States, the said estimates were too large, and the said property is not now worth the amounts at which the items thereof are respectively estimated in the said schedule before referred to."

The denial in this form, we think insufficient to put in issue the value of the property at the time of the assignment, and, where the value becomes a material question, must be held as an admission of the allegation in the complaint.   It is a negative

pregnant, as it involves an affirmative implication favorable to the Plaintiff. (*Gould's Plead.* 320, *Sec.* 29.) For though the Defendant denies that the property was worth seventy-five thousand dollars, it fails to state how much less, or what it was worth, and hence, though it should be worth only a dollar less, the answer might be held as literally true, while admitting the whole substance of the allegation of the complaint. It may be also here remarked, that the complaint alleges, that the amount of the debts and liabilities which were *due* from the Defendants at the time of the assignment, did not exceed the sum of twenty-five thousand dollars, which is not denied by the answer.

Now, how stands this case before the court? McKinstry & Seely at the time of their assignment show real and personal property, which, at their own estimate, exceeds in value the amount of their debts and liabilities, by more than double, and including notes and accounts, is more than three times the amount of the same. This estimate must be regarded as the cash value of the property, since money is the ordinary standard of value, and the language must be taken in its ordinary acceptation. Indeed, there could be no inducement for the Defendants to place a higher estimate of value on the property than they supposed to be just, but rather the contrary. This statement of theirs made at the time, is entitled to great weight in forming a conclusion as to the motives inducing to this assignment. In addition to this, we have the answer of the Defendants some five months after the assignment, impliedly admitting the value to have been (at the time of the assignment,) three times the amount of the debts. The answer alleged, it is true, that at the time it was made, the property was not worth that amount, but that point has no force, inasmuch as the inquiry is to be directed solely to the time when the assignment was made, and to what the Defendants then thought it worth. It must stand or fall by the intent existing at the time it was executed, and if then void, it will not be rendered operative and valid, by any subsequent act of the assignor, or change in the value of the property. (*Averill vs. Loucks,* 6 *Bar.* 470; *Van Nest vs. Yoe,* 1 *Sand C. R.* 4.)

Are these facts consistent with the belief on the part of the

Defendants that they were insolvent at the time the assignment was made, or that they were making the assignment for the benefit of their creditors? We think not. From the nature of the case, creditors could derive no *benefit* from the conveyance of this property to a trustee, since their demands could at once be satisfied from a sale of the property for cash. The only effect of such a conveyance (so far as creditors are concerned) must be to hinder and delay them in the collection of their debts, a result so manifestly certain, that it seems impossible to arrive at any other conclusion than that it was intended by the assignors. It is not necessary in this case, to infer actual fraud, (in the criminal sense in which that term is often and perhaps ordinarily used) on the part of the Defendants in making this assignment, since the intent merely to hinder and delay creditors, in the collection of their debts, will vitiate the instrument, as to all creditors who have not assented to it. If the legal inference to hinder and delay be conclusive, where the assignment authorizes the assignee to sell on credit, much more so in this case, where it authorizes him to take possession of the property and sell, for the pretended benefit of creditors, while at the same time showing ample assets to satisfy them without the intervention of a trustee, or any third party. In connection with, or as forming a part of the intent to hinder and delay creditors, the object of the assignors doubtless was to protect their property from sacrifice and have it realize as much as possible. Where the property is insufficient to pay the debts, the entertaining of such a purpose is not inconsistent with fair dealing and honesty; but where the property at the time of the assignment is much more than sufficient to satisfy all demands, the accomplishment of this object can only be at the expense of the creditor, and for the benefit of the debtor. But the law does not tolerate such a purpose on the part of the debtor. He has no right to protect his property from sacrifice at the expense of his creditor. The latter has the right to demand his debt in full and without delay, where the assets of the debtor are sufficient for that purpose.

If the excess in value of the property conveyed, over and above the debts and liabilities of the assignors, whether shown

on the face of the assignment and by the pleadings, or by proof *aliunde*, is in any case a tenable ground for avoiding an assignment of this nature, it will hardly be contended that the case at bar cannot be placed on that ground. The wrong intent is not less apparent, where the cash value of the property assigned exceeds the debts three times in amount, than where it exceeds by ten times that amount. And this ground for ascertaining the intent must either be entirely ignored, or be held applicable to the case under consideration.

The authorities are not numerous bearing directly upon the point under consideration, for it rarely happens in the case of assignments of this nature, that either the instrument itself or the pleadings in the case, show the solvency of the debtor, nor is it easily made apparent by proof, and probably seldom in fact exists. But, so far as they go, they sustain the view here entertained. In *Butler vs. Stoddard, 7 Paige 163*, one of the grounds mentioned by the Chancellor for avoiding the assignment, was that the nominal amount of the goods and debts assigned was more than double the debt actually due from the assignor. In *Beck vs. Burdett, 1 Paige 305*, it was held that when a debtor in failing circumstances assigns an unreasonable amount of property to satisfy a single creditor, it is evidence of fraud. In that case, however, it was held that the amount assigned was not unreasonable, it appearing that their debts were rising of $26,000, and the whole nominal amount of property and demands assigned, including $21,000 of outstanding claims, was less than $34,000. In *Van Nest vs. Yeo, 1 Sand. Ch. R. 4*, it appeared by the answer, that the assignors executed the assignment because they were unable to pay their debts, as they would respectively fall due and become payable, and with a view of having their effects and claims turned to the best account, and to have them or the proceeds thereof, *applied to the payment and satisfaction of* their debts and liabilities, so far as the same were necessary for that purpose. It also appeared, that at the time of its execution, the assignors supposed they were solvent, and would have a surplus after paying all their debts. It was held that the assignment was made with the intent to hinder, delay or defraud the creditors of the assignors. The case at bar scarcely

differs in any respect from that last cited.    The answer states in substance that it was necessary the property should be turned to the best advantage for the benefit of creditors, and expressly admits the assignors expected, at the time of the assignment, there would be a surplus after paying their debts, though denying that they expected there would be a surplus of forty thousand dollars (as charged in the complaint) or of any definite amount.    See also *Ward vs. Trotter*, 3 *Monroe* 1; *Vernon vs. Morton*, 8 *Dana's R.* 247.

As the evidence of the intent to hinder and delay creditors, appears conclusive on the face of the instrument, and from the pleadings, the assignment must be held void, and the order granting a new trial is reversed.