## W. H. SANDFORD, ETC., *v.* A. P. SANDFORD.

**Partnership—Authority of Partner After Dissolution of Partnership.**
   After the dissolution of the partnership, one partner can not bind the other partners by execution of a note for the partnership debts.

APPEAL FROM OWEN CIRCUIT COURT.

December 16, 1872.

OPINION BY JUDGE LINDSAY:

The first paragraph of appellants' answer was bad, and the demurrer thereto was properly sustained. It is not only alleged in the petition that the services charged for were rendered at the special instance and request of appellants, but that they agreed to pay for them. As to the truth of these charges it is impossible but that they should have had some knowledge or information.

We are, however, of opinion that the instruction asked for by appellant W. H. Sandford should have been given. After the dissolution of a partnership, one partner can not bind the others by the execution of a note even for an existing partnership debt. *Merritt v. Polly,* 16 B. Monroe 355. The admission of one partner is not evidence against the others as to a partnership transaction. *Daniel v. Nelson,* 10 B. Monroe 318. In this case the court says further that it has frequently sanctioned the principle that the admission of a partner so made does not take a debt out of the statute of limitations as to the other members of the defunct firm, and cites the case found in 1 Peter 373; 3 John 536; 3 Minn. 191; 4 Minn. 215.

We are not referred to the cases in which this court has so held, but as the principle is conservant with the reasons of the law denying the right or ability of one stranger to bind another without his authority or consent, we are inclined still to approve it. For the error indicated the judgment must be reversed, and as it is a joint judgment, F. Sandford is entitled to the benefit of the reversal.

The cause is remanded for a new trial upon principles consistent with this opinion.

*Drane, for appellants.*

*Craddock, Trabue, for appellees.*