James M. Hillebert *vs.* Alva J. Porter.

December 22, 1881.

Foreclosure—Law changing Amount payable on Redemption.—Gen. St. 1878, *c.* 81, § 13, so far as it applies to mortgages with powers executed prior to its passage, and requires to be paid, for redemption from sales under the powers in such mortgages, a greater rate of interest than that required to be paid on such redemption by the laws in force at the time of executing such mortgages, impairs their obligation and is void.

This action was brought in the district court for Redwood county, to recover possession of certain land on which plaintiff had foreclosed a mortgage, which the defendant (the mortgagor) claims to have redeemed. A jury was waived, and the action tried by *Cox, J.;* judgment was ordered for defendant, and the plaintiff appeals from an order refusing a new trial.

*Lewis & Leslie,* for appellant.

It is well settled that the legislature has complete control over what pertains to the mere remedy. Gen. St. 1878, *c.* 81, § 13, relates to the remedy, and does not impair the obligation of contracts. Cooley on Const. Lim. 286; *Conkey* v. *Hart,* 14 N. Y. 22; *Lawrence* v. *Farmers' Loan & Trust Co.,* 13 N. Y. 200; *Van Rensselaer* v. *Snyder,* 13 N. Y. 299; *Von Baumbach* v. *Bade,* 9 Wis. 559; *Butterfield* v. *Farnham,* 19 Minn. 85; *Morse* v. *Gould,* 11 N. Y. 281.

The original contract in the mortgage does not extend to matters after the sale. At the time of the sale a new contract is made between the mortgagor and the purchaser, which is subject to the laws then in existence. *Heyward* v. *Judd,* 4 Minn. 375, (483;) *Stone* v. *Bassett,* 4 Minn. 215, (298;) *Berthold* v. *Holman,* 12 Minn. 335; *Berthold* v. *Fox,* 13 Minn. 501; *Tinckom* v. *Lewis,* 21 Minn. 132.

*Chas. R. Davis* and *Sumner Ladd,* for respondent.

Gilfillan, C. J. In 1876, defendant executed to plaintiff a mortgage upon real estate, containing the usual power of sale, and bearing interest at the rate of 12 per cent. per annum. In 1879, plaintiff duly foreclosed the mortgage under the power, and bid in the property at the sale. Within the year allowed the mortgagor to re-

deem, defendant, for the purpose of redeeming, paid to the sheriff the amount bid at the sale, with interest at the rate of 7 per cent. per annum, and received from the sheriff, and caused to be duly recorded, the usual certificate of redemption. At the time the mortgage was executed, the rate of interest required by the statute to be paid on such redemption was 7 per cent. Laws 1878, *c.* 53, § 13, (Gen. St. 1878, *c.* 81, § 13,) provided that on redemption from such sales the rate of interest to be paid, if the mortgage contained a distinct rate of interest more than 7 per cent., should be the rate specified in the mortgage, not to exceed 10 per cent. per annum. In terms the statute applies as well to mortgages executed before, as to those executed after its passage.

Is the statute constitutional, as applied to sales under powers in prior mortgages, is the only question raised in the case. Speaking of rights of redemption, the court, in *Carroll* v. *Rossiter,* 10 Minn. 141, (174,) said: "It has been settled in our state that the rights of parties in this respect are fixed by the laws in force at the time of making the mortgage." It accordingly held that the statute in force when the mortgage was executed controlled as to the time for redemption, and not a subsequent statute enlarging such time. This proposition of the court is only the statement of the rule that, in general, contracts are to be construed, and the rights thereby created are to be determined, by the laws in force at the time and place of executing them. The rule exists because parties are presumed to contract with reference to such laws. The rule has not been questioned in any case in this court involving rights of redemption from sales to satisfy mortgages, though some difficulty has been felt, and perhaps uncertainty created, in its application to particular cases.

*Stone* v. *Bassett,* 4 Minn. 215, (298,) was upon a sale under a decree in an action to foreclose, and the court held that the statute regulating redemption from sales under decrees, in force at the time of the sale, controlled the right of redemption. From the reasoning in the opinion the decision seems to have been on the ground that the mortgagee did not rely upon and follow his contract remedy; and, having chosen to seek a judicial remedy, he must take that remedy as it then existed. The distinction in respect to rights of redemption between

v.28—32

sales under decrees and sales under powers, indicated in that case, was more fully and clearly made by the opinions in *Heyward* v. *Judd*, 4 Minn. 375, (483.) Whether the court was correct in making that distinction, it is unnecessary for us in this case to determine. All the judges were of opinion that a statute passed after a mortgage is executed cannot change the character of the estate which shall pass by a sale under the power. Two of them distinctly and forcibly expressed the opinion that, in respect to sales under powers, a statute subsequent to the execution of the mortgage, enlarging the time for redemption, would impair the obligation of the contract and be void. The court, however, held—as we think, inconsistently with the principles stated in all the opinions—that a statute subsequent to the execution of the mortgage, changing the terms upon which possession of the property should be held pending the right to redeem, affected only the remedy, and not the rights of the party to the power, and was therefore valid. The decision was followed—not because it was approved, but upon the rule of *stare decisis*—twice, in *Berthold* v. *Holman*, 12 Minn. 335, and *Berthold* v. *Fox*, 13 Minn. 501. It is impossible that any property rights now depend on that decision; and, for that reason, we do not hesitate to express our disapproval of it.

An intimation, in the opinion of the chief justice, in each of the cases, *Stone* v. *Bassett* and *Heyward* v. *Judd*, is clearly untenable; that is, that the law of redemption merely affects the relations between the mortgagor or debtor and the purchaser after the contract between the mortgagor and the mortgagee has been carried into effect, as to which the mortgagee has no concern; and that if he become the purchaser, his rights depend on his contract of purchase, and not on anything contained in the mortgage. What the mortgagee may sell is necessarily limited to what the purchaser may buy at the sale, and *vice versa*. That the mortgagee may sell an unencumbered fee, though the purchaser can acquire only a less estate or a fee encumbered, or that the mortgagee may sell without conditions, though the purchaser can acquire and hold only subject to conditions, is an absurdity. Any statute which prescribes what rights the purchaser may acquire by his purchase, and on what terms and conditions he shall hold such rights, inevitably affects, to the same extent,

the rights of the mortgagor and mortgagee under the power. The purchaser aquires by his purchase just what the mortgagee has the right under the power to sell, and no more and no less. To enlarge or abridge the rights of the purchaser must enlarge or abridge the power of the mortgagee.

All the cases in this court, arising upon sales under powers, concede that a subsequent statute giving three years to redeem, when only one was allowed by the statute in force at the execution of the mortgage, impairs the obligation of the contract, and as to such mortgage is void. A statute taking away the right of redemption, or limiting it to one year, when, at the execution of the mortgage, three years were allowed, would equally impair its obligation, though it would infringe the rights of a different party. And unless it could be said that the right of possession pending the right to redeem is in law of no value, and is therefore immaterial, a subsequent statute, taking from the purchaser that right as it existed by the law in force when the mortgage was executed, or giving him the right when, at the execution of the mortgage, it did not exist, or a statute imposing new terms and conditions upon such right, or changing the terms and conditions existing by law when the mortgage was executed, must be held to change, though perhaps in different degrees, the rights of the parties under their contract, and so to impair its obligation. And, surely, it must be so with a statute which changes, not the mode of making redemption, but the terms on which it shall be made. Suppose that, when a mortgage is executed, redemption can be made during the time allowed only by paying the amount, but with interest at a specified rate, would not a statute allowing redemption by paying less than the amount bid, or without paying interest, impair the value of the estate which the mortgagee is authorized to sell? Or if, when the mortgage is executed, redemptions may be made without paying interest, would not a statute requiring interest—7 per cent., 10 per cent., or 20 per cent.—to be paid on redemption, authorize a sale on conditions to which the mortgagor never consented? Would it not empower the mortgagee to pass to the purchaser rights which the mortgagor did not empower him to pass?

The rule that the rights of parties to powers of sale in respect to redemption, and after a sale, are fixed by the laws in force at the time of making the mortgage, amounts when applied to just this: That if, at that time, the law provides that upon a sale under such a power it shall pass to the purchaser the estate mortgaged, the title to vest and become absolute in him at the end of a specified time from the sale, unless there shall be redemption made upon specified terms within that time, and in the mean time either the purchaser or mortgagor to have the right of possession upon specified conditions, the power granted vests in the mortgagee the right to sell the estate subject to those terms, conditions, and burdens, and not otherwise. Those terms, conditions, and burdens enter into the definition of the power. An attempt by subsequent legislation to change any one of them, even the least important, if it be one which substantially affects the value of the rights to pass by the sale, is as obnoxious as an attempt to change any other or all of them. The extent to which a law impairs the obligation of contracts is not material. If it impairs such obligation at all, it is void. The statute in question, so far as it applies to mortgages with powers, executed prior to its passage, and requires to be paid for redemption from sales under the powers in such mortgages a greater rate of interest than that required to be paid on such redemptions by the laws in force at the time of executing the mortgage, impairs their obligation and is void.

Order affirmed.