M. & N. Freight Lines Inc., v. Kimbel Lines, Inc., *et al.*

(*Nashville,* December Term, 1942.)

Opinion filed April 3, 1943.

(1)

2

Evans, Evans & Creson and Charles A. Rond, both of Memphis, for plaintiff in error.

James W. Wrape and Charles H. Hudson, Jr., both of Memphis, for defendants in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This is an action of trover brought by M. & N. Freight Lines, Incorporated, against Kimbel Lines, Incorporated, the Sheriff and his Deputy, for the alleged wrongful conversion of an International tractor and Carter trailer, levied upon and sold by the Sheriff to satisfy a judgment in favor of Kimbel Lines against Freight Lines. The question is one of priority as between this levy and a chattel mortgage on the tractor and trailer executed to secure an indebtedness in favor of J. O. Bartholomew.

The deputy sheriff, having been advised of the existence of the chattel mortgage, declined to levy the execution unless indemnified; whereupon Kimbel Lines furnished the sheriff an indemnity bond and caused the execution to be levied upon the theory that the chattel mortgage was void as to it.

The trial court heard the case on oral evidence without a jury, adjudged the mortgage to have been executed to hinder and delay the defendant, a creditor, and therefore void, and dismissed the suit. The Court of Appeals held to the contrary, found the value of the property to be $1,075 and entered a judgment for that sum against Kimbel Lines. The petition of Kimbel Lines for a writ of *certiorari* has heretofore been granted and argument heard.

This Court is of opinion that this mortgage was made with actual intent to hinder and delay Kimbel Lines in the collection of its debt, violative of Section 7277 of the Code, and, therefore, void. This Section reads as follows:

"7277. Conveyance made with intent to defraud.— Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud, either present or

future creditors, is fraudulent as to both present and future creditors.''

In applying this statute it is necessary only to find an actual intent to hinder and delay present or future creditors. The question of the validity of the Bartholomew debt, attempted to be secured by the mortgage, discussed by the Court of Appeals, is not the determinative issue; nor is the question of whether a preference was created important. It is sufficient to avoid the mortgage as to the creditor if it appears that the purpose, motive or intent was to hinder and delay. It need not appear that there was an intention ultimately to defraud.

On and prior to February 26, 1940, both parties were engaged in business as common carriers of freight by truck. Freight Lines, with its tractor and trailer, hauled freight between Nashville and Memphis, and this was the only equipment it had for that purpose then in use. It had acquired this business on September 1, 1939, from Chester F. Kemp, and at that time assumed the payment of certain obligations of Kemp, including an indebtedness of $500 to J. O. Bartholomew for wages, he being an employee of Kemp. Freight Lines retained Bartholomew and he was so employed by it when the transactions here involved took place in February, 1940, at which time the indebtedness to Bartholomew had been reduced to $385.59. Bartholomew had been given no security up to that time and apparently had asked for none. Freight Lines was also indebted to Kimbel Lines, in the sum of $296.14, upon which indebtedness suit was instituted before a Justice of the Peace and judgment rendered for that sum on February 23, 1940. It was under this judgment the execution was issued and levied on said tractor

and trailer, on February 28th, 1940, which is herein involved.

Spriggs, president of Freight Lines, testified that his company was in financial difficulty and had very little money on hand. In fact, this tractor and trailer constituted its sole assets, with the exception of a small quantity of office furniture of little value. It had no money to pay Kimbel Lines, and it was realized that the levy of an execution upon its tractor and trailer would put it out of business. In this situation Spriggs and Bartholomew reported to the office of plaintiff's attorney, Mr. Henry M. Crymes, to see what could be done about the matter, the result being that plaintiff executed a chattel mortgage on this tractor and trailer, which was placed of record on February 26, 1940, to secure said Bartholomew in an alleged indebtedness of $850, due September 15, 1940; although, as previously stated, Bartholomew's indebtedness was only $385. Witnesses for plaintiff testify that Bartholomew was to advance the difference in cash to plaintiff, which he never did. Bartholomew testified that he had to go to Mississippi to get the money, but that he abandoned doing so when execution was levied on the property. Had this been a *bona fide* transaction and Bartholomew had loaned plaintiff the $465 it could have discharged the judgment against it in favor of Kimbel Lines. It should be stated that Crymes advised Spriggs and Bartholomew that the execution of this mortgage would prevent Kimbel Lines from having an execution levied upon the tractor and trailer. Crymes was introduced as a witness for plaintiff. As to the purpose of the execution of the mortgage, we quote from his testimony as follows:

"Q. Mr. Crymes, Mr. Spriggs, the President of the M. & N. Freight Lines, and Mr. Bartholomew understood that as a result of the opinion you gave them, and the mortgage, that they would keep Kimbel Lines from collecting the judgment that they were supposed to get on the 23rd. Isn't that true? A. Its purpose was to hinder—

"The Court: His purpose was what? A. To hinder. But there was some discussion. I asked—

"The Court: Was to hinder what? A. Hinder Kimbel from levying."

█ The Court of Appeals was of the opinion that Crymes used the word "hinder" inadvertently. To this we are unable to agree. We think he meant exactly what he said, and are fully satisfied that the mortgage was executed at that time primarily to prevent, or hinder, this property they required to continue in business from being taken under execution. Mr. Crymes was apparently under the impression that, if the debt to be secured was *bona fide,* this mortgage to secure it could be legally executed, and that the fact that it worked a delay against the creditor who had brought the suit, would not render it fraudulent and void. Quite apparently, lawyer and client realized that the execution of the mortgage would defer, hinder and delay Kimbel Lines in enforcing collection of its debt and they well knew that to be the primary, moving intention. Now, under Section 7277 this, without more, is enough to render the mortgage void. This section is a part of the Uniform Fraudulent Conveyances Law, enacted in Tennessee in 1919, which has been widely construed in other jurisdictions.

On the exact question now before us, which this Court

does not appear to have discussed in any reported case, we quote from 24 Am. Jur., at p. 169, the following:

"Intent Merely to Hinder or Delay Creditors.—A conveyance is illegal if made with an intent to defraud the creditors of the grantor, but it is equally illegal if made with an intent to hinder and delay them. Even though an embarrassed debtor may hold the genuine belief that if suits can be staved off for a season, he will weather a financial storm and pay his debts in full, such belief, even though well founded, does not clothe him with a privilege to build up obstructions that will hold his creditors at bay." *Shapiro* v. *Wilgus,* 287 U. S., 348, 53 S. Ct., 142, 77 L. Ed., 355, 85 A. L. R., 128 *Kimball* v. *Thompson,* 4 Cush. (Mass.), 441, 50 Am. Dec., 799; *Burt* v. *McKinstry,* 4 Minn., 204, 4 Gil., 146, 77 Am. Dec., 507; *Nicholson* v. *Leavitt,* 6 N. Y., 510, 57 Am. Dec., 499; *Hall* v. *Feeney,* 22 S. D., 541, 118 N. W., 1038, 21 L. R. A. (N. S.), 513; *Means* v. *Dowd,* 128 U. S., 273, 9 S. Ct., 65, 32 L. Ed., 429.

Again, on page 170, this text book reads: If "the intention to hinder and delay creditors is not only present in the mind of the debtor, but is also the object and constitutes a part of the cause for the execution of the conveyance, the transaction is void. Furthermore, this intention need not be the debtor's primary, active controlling purpose; it is enough if it is one of the purposes which was entertained, either directly or as incidental to a more active purpose." *Farris* v. *Gross,* 75 Ark., 391, 87 S. W., 633, 5 Ann. Cas., 616; *Hempstead* v. *Johnston,* 18 Ark., 123, 65 Am. Dec., 458; *Italian-American Bank* v. *Lepore,* 79 Colo., 466, 246 P., 792, citing R. C. L.; *Hoffman* v. *Mackall,* 5 Ohio St., 124, 64 Am. Dec., 637; *Kansas Moline Plow Co.* v. *Sherman,* 3 Okla., 204, 41 P., 623, 32 L. R.

A., 33.; *Baldwin* v. *Peet, Sims & Co.,* 22 Tex., 708, 75 Am. Dec., 806; *Kyle* v. *Harveys,* 25 W. Va., 716, 52 Am. Rep., 235; *Alton* v. *Harrison,* L. R., 4 Ch., 622, 18 Eng. Rul. Cas:, 48; Annotation: 32 L. R. A., 33; *Matthews* v. *Thompson,* 186 Mass., 14, 71 N. E., 93, 66 L. R. A., 421, 104 Am. St. Rep., 550.

The proven facts of the instant case bring it directly within the governing law as above set out.

██ The trial judge, after hearing the witnesses testify, and observing their demeanor, held that the plain purpose in executing this mortgage was to hinder and delay, and make it impossible for Kimbel Lines, by levying an execution on this property, to realize on its judgment. Under Section 10622 of the Code, in cases taken by appeal from the Circuit Court to the Court of Appeals, where the hearing in the lower court is without a jury, there is a presumption that the judgment of the Circuit Court is correct, unless the evidence preponderates against the judgment. The evidence in this case does not preponderate against, but supports the judgment of the trial court. The judgment of the Court of Appeals will be reversed and that of the Circuit Court Affirmed.