**IN THE COURT OF APPEALS OF TENNESSEE**
**WESTERN SECTION AT JACKSON**

CITY OF MILAN HOSPITAL,
SPN, INC. D/B/A/ BRIDAL ORIGINALS,
WBBJ-TV 7, and
LANDA ENTERPRISES,

    Plaintiffs-Appellants,

vs.

REX FERRELL,
LEIGH FERRELL, and
DORIS CAPPS,

    Defendants-Appellees.

FILED

January 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

C. A. No. 02A01-9703-CH-00068
Gibson Chancery No. 12143

**FROM THE CHANCERY COURT OF GIBSON COUNTY**
**THE HONORABLE GEORGE R. ELLIS, CHANCELLOR**

David A. Riddick
Law Office of Holmes, Rich, Sigler & Riddick, P. C.
Of Jackson
For Plaintiffs-Appellants

John C. Nowell, Jr.
Of Trenton
For Defendant-Appellee

*AFFIRMED IN PART AND REVERSED IN PART AND REMANDED*

OPINION FILED:_____

ROBERT A. LANIER
SPECIAL JUDGE

CONCUR:

W. FRANK CRAWFORD,
PRESIDING JUDGE, W. S.

ALAN E. HIGHERS, JUDGE

This is a suit to set aside a conveyance of a truck as a fraud upon the plaintiffs as creditors, and for a money judgment.

The facts of this case are hardly in dispute. The defendant, Doris Capps, is the grandmother of Defendant, Leigh Ferrell, who is also known as "Wendy." Leigh Ferrell is married to Rex Ferrell. Doris Capps decided to render financial assistance to Rex and Leigh Ferrell to enable them to enter into a bridal and florist business in Milan, doing business as "The New Mar-Sans." Defendant Capps obtained the filing of a UCC-1 financing statement, purporting to cover all present and after-acquired property of the business. The Plaintiffs, SPN, Inc., d/b/a/ Bridal Originals, and Landa Enterprises, were all judgment creditors of Rex Ferrell and Leigh Ferrell prior to June 15, 1995. WBBJ-TV 7 was, at that time, a creditor of Rex Ferrell and Leigh Ferrell for advertising of the florist business, and was making demands for payment.

City of Milan Hospital obtained a judgment against Rex Ferrell only on April 23, 1993, Landa Enterprises obtained its judgment on May 13, 1994, and SPN, Inc., obtained its judgment on April 28, 1995. WBBJ-TV 7, sued for $2,850.00 in the present action and received a judgment in that amount on December 16, 1996, against Rex and Leigh Ferrell, which amount is apparently not contested, except as to Doris Capps.

On November 11, 1994, Doris Capps pledged certain certificates of deposit in her name to the Bank of Milan to enable Rex Ferrell to purchase the 1994 Dodge Dakota truck in question. He took title to the truck in his name and the name of his wife, Defendant Leigh Ferrell. No lien was noted on the title to either the bank or the defendant Doris Capps. The vehicle was intended to be, and was used in the floral business.

On June 15, 1995, a judgment creditor, not a party to this suit, caused an execution to issue upon his judgment and the Sheriff of Gibson County, pursuant thereto, levied upon the Dodge Dakota truck in question. Rex and Leigh Ferrell immediately notified Doris Capps and she furnished them with sufficient money to satisfy the judgment upon which the execution had been issued against the truck. Defendant Capps, considering the truck and all of the other assets of the business in question to be hers or subject to her security rights, (although no evidence was presented of any instrument evidencing a debt to her) instructed the Ferrells to have the title of the truck instantly

1

transferred to her name so as to prevent any similar incident in the future. In obedience thereto, the Ferrells immediately went to the courthouse and transferred the title of the truck to Defendant Capps, reciting that the transfer was a gift. Capps then went to the Bank of Milan where she secured an additional loan, using the truck title as collateral, and forwarded $2, 000.00 to the Ferrells. Rex Ferrell continued in possession of the vehicle until this suit was filed, seeking to set aside the transfer to Capps and seeking a money judgment in the amount of $2, 850.00 for WBBJ-TV 7.

The Ferrells are the owners of a house worth approximately $120,000.00 which, at the time of the trial in December of 1996, had an outstanding mortgage balance of $89,500.00. Each testified that his or her income was approximately $140.00 per week, despite the mortgage of $881.00 a month. Defendant Rex Ferrell denied owning any other possessions besides the clothes upon his back. The testimony of all of the defendants was marked by evasion, inconsistency with prior statements, and lack of candor.

Plaintiff sues to set aside the conveyance of the vehicle to the Defendant Capps under the authority of T.C.A. § 29-12-101, which allows a creditor, even before obtaining a judgment, to file to set aside fraudulent conveyances of property made for the purpose of hindering and delaying creditors. Plaintiffs also seek to subject the property to sale for satisfaction of their debts.

This is a near classic case of fraudulent conveyance to hinder or delay creditors. Despite the defendants naked denials, it is virtually uncontradicted that their intention was to prevent other creditors, such as the plaintiffs, from being able to realize any satisfaction of their judgments from the vehicle in question.

Under our law of motor vehicles, no lien or other incumbrance upon a motor vehicle is valid against the creditors of an owner, or subsequent purchasers or incumbrancers, until the lien has properly been noted on the title records. No such lien was noted by the defendant Capps. Therefore, whatever lien she had, was not valid as against the plaintiffs. Still vs. First Tennessee Bank, 900 S.W. 2d 282 (Tenn. 1995).

Tennessee has several statutes to protect creditors from fraudulent transfers. Under T.C.A.§ 67-3-305, every conveyance made by a person who is or will thereby be rendered insolvent is fraudulent as to creditors, without regard to that person's actual

2

intent, if the conveyance is made or the obligation is incurred without fair consideration. The test for insolvency, as set out in T.C.A. § 66-3-302, is whether or not the present salable value of the debtor's assets is less than the amount that will be required to pay the probable liability on such person's existing debts as they become absolute and matured. In this case, the real property of the Ferrell's might conceivably be sufficient to satisfy judgment creditors, although that conclusion is not certain in view of the expenses which would be attendant upon the sale of the property and the possibility that it might be sold at a sheriff's sale, which might not bring its actual cash value. However, it is not necessary to speculate on that question as this action is brought pursuant to T.C. A. § 66-3-308, which provides that every conveyance made with actual intent, as distinguished from intent presumed in law, to "hinder" or "delay" either present or future creditors is considered fraudulent as to those creditors. As was noted in M & N Freight Lines vs. Kimbel Lines, 180 Tenn. 1, 170 S. W. 2d 186 (1943), it is sufficient to avoid the conveyance if it appears that the purpose, motive or intent was to hinder and delay creditors in realizing their money. It need not appear that there was an intention ultimately to defraud. Even though the transferee is under the impression that the debt to be secured is *bona fide,* if the intention is to defer, hinder and delay creditors in enforcing collection of their debts, this is enough to render the conveyance void. M & N Freight Lines vs. Kimbel Lines, *supra.* Even a conveyance for a valuable consideration at a time when the debtor is solvent may be set aside as void as to creditors if made with the intent to hinder, delay or defraud creditors. 37 C.J.S. "Fraudulent conveyances" § 74, § 86.

As has been said numerous times throughout our legal history,

> All of a debtor's property, real and personal excepting such as is specially exempted by law, is a fund for the benefit of his creditors. This fund he is not allowed to give away to the injury of those to whom he is indebted, for the law requires every person to be just before it permits him to be generous, honesty being deemed a greater virtue than generosity, especially when that generosity is at another's expense. [Gibson's Suits in Chancery, (5th ed.) § 447.]

If the law adjudges the effect of the conveyance to be to delay, hinder or defraud creditors, the transfer is to be regarded as fraudulent, though this may not have been the intention of the parties to the transfer. In this context, the intent to defraud is a question of law. Gibson's Suits in Chancery, (5th ed.) § 447.

3

There are considered to be some seventeen "badges of fraud, " which generally evidence transfers which should be set aside. Approximately nine of these are present in this case:

1.    The debtor is financially embarrassed.

2.    An action by creditors is pending or threatened.

3.    The transfer is hurriedly made.

4.    Giving an absolute conveyance as a mere security.

5.    Inadequacy of actual consideration.

6.    Retention of possession of the property conveyed.

7.    Enjoyment of the use of the property conveyed.

8.    A transfer out of the usual course of business.

9.    A close relationship of the parties.

Gibson's Suits in Chancery, (5th ed.) § 448.

In short, the evidence overwhelmingly compels the conclusion that the purpose of the transfer of the truck was to hinder and delay the plaintiffs in realizing money on their debts from the sale of the truck. Therefore, as to the plaintiffs, the conveyance is void.

It is to be noted that the Bank of Milan was not made a party to this action. Whatever its security interest in the truck may be cannot, therefore, be affected by this decision.

The decision of the lower court granting a judgment in favor of WBBJ - TV 7 against Rex Ferrell and Wendy Leigh Ferrell in the amount of $2,850.00 is affirmed. However, the decision of the lower court finding that there was no fraudulent transfer of the 1994 Dodge Dakota pickup truck must be set aside and the matter remanded to the trial court for further proceedings consistent with this opinion. The injunction restraining Doris Capps from transferring, selling, giving, incumbering or anyway reducing the value of the 1994 Dodge Dakota truck until such further proceedings as may take place in the trial court are concluded is reinstated. The truck may be subjected to sale for the satisfaction of the judgments of the plaintiffs and other creditors as their interests may appear, bearing in mind that City of Milan Hospital has a judgment against Rex Ferrell only, and the rights of third parties, such as the Bank of Milan, cannot be affected by this decision.

4

The costs of this appeal are assessed against the defendants - appellees and this case is remanded to the trial court for such further proceedings as may be necessary, consistent with this opinion.

_____
ROBERT A. LANIER,
SPECIAL JUDGE


CONCUR:


_____
W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.


_____
ALAN E. HIGHERS, JUDGE


**IN THE COURT OF APPEALS OF TENNESSEE**
**WESTERN SECTION AT JACKSON**

_____

**CITY OF MILAN HOSPITAL,**
**SPN, INC. D/B/A/ BRIDAL ORIGINALS,**
**WBBJ-TV 7, and**
**LANDA ENTERPRISES,**

**Plaintiffs-Appellants,**

**vs.**                                        **C.A. NO. 02A01-9703-CH-00068**
                                               **Gibson County NO 12143**

**REX FERRELL,**
**LEIGH FERRELL, and**
**DORIS CAPPS,**

**Defendants-Appellees.**

_____

## JUDGMENT
_____

This cause came on to be regularly considered by the Court on the record and for the reasons stated in the Court's opinion of an even date, it is ordered that:

1.      The judgment of the trial court granting the plaintiff, WBBJ-TV 7 a money judgment in the amount of $2,850.00 against Rex Ferrell and Leigh Ferrell is affirmed. The judgment of the trial court dismissing the suit to set aside the conveyance as fraudulent is vacated and the case is remanded for further proceedings consistent with the Court's opinion.

2.      The injunction entered in the trial court is reinstated.

3.      The costs of the appeal are assessed against the defendants-appellees, for which execution may issue, if necessary.

                                        _____
                                        ROBERT A. LANIER, SPECIAL JUDGE


                                        _____
                                        W. FRANK CRAWFORD,
                                        PRESIDING JUDGE, W.S.


                                        _____
                                        ALAN E. HIGHERS, JUDGE

6