## ELLEN BRANDIN v. JASPER SWENSON.[1]

### June 19, 1925.

### No 24,681.

**Partition between tenants in common sustained.**

On an appeal from a judgment, the evidence not being returned, it is *held* that the findings sustain the judgment setting off to the plaintiff and the defendant equal portions in area of a tract of land owned by them as tenants in common, the portion set off to each party being proportionate in value to such party's contribution to the whole, and that set off to the defendant being the portion which he had improved.

See Partition, 30 Cyc. p. 233.

Action in the district court for St. Louis county. From a judgment of partition, Magney, J., plaintiff appealed. Affirmed.

*S. H. Eckman,* for appellant.

*John Heitmann,* for respondent.

DIBELL, J.

Action in St. Louis county to have the plaintiff adjudged to be the owner of an 80-acre tract of land, and, if such relief were denied, that the land be partitioned. There was judgment for a partition in specie, and the plaintiff appeals.

The evidence is not returned. The only question, as correctly stated by counsel for appellant, is whether the findings of fact justify the judgment; and in stating the facts we follow the findings of the trial court.

A marriage ceremony was performed between the plaintiff, Ellen Brandin, and the defendant, Jasper Swenson, on February 10, 1906. At that time the plaintiff had a husband living. He had deserted her 10 years before and she and the defendant supposed that he was dead. In 1920 it was ascertained that he was living; and on January 3, 1922, a judgment was entered annulling the marriage of the plaintiff and defendant.

[1]Reported in 204 N. W. 468.

On April 9, 1906, the plaintiff and the defendant purchased an 80-acre tract as tenants in common and the deed ran to both. The purchase price was paid by the plaintiff, but a part thereof the defendant had given her from his earnings subsequent to their formal marriage, and not long afterwards he gave her money exceeding his one-half of the purchase price. In 1907 the defendant moved upon the land and has since lived there and improved one forty. The plaintiff continued living in Duluth, operating a boarding house. She contributed to the improvement of the farm, and received cash and products from it. The court set off to her the west forty of the eighty, and to the defendant the east forty upon which he had made the improvements. This was done on the basis of its finding that the value of the west forty was to the value contributed by the plaintiff approximately as was the value of the east forty to the amount contributed by the defendant. This was an equitable division. Each got one-half in area of the land. The defendant got the forty upon which he had improved. Each got a value proportionate to contribution. The principles stated in Hunt v. Meeker County A. & L. Co. 135 Minn. 134, 160 N. W. 496, sustain the division. With the record as it is, neither the form of the pleadings nor the procedure adopted is important. No complaint is made of either.

Judgment affirmed.