## ALVA R. HUNT v. MEEKER COUNTY ABSTRACT & LOAN COMPANY.[1]

December 15, 1916.

Nos. 20,066—(116).

**Appeal and error — action for partition — change in mortgage of tenant in common.**

1. Where a tenant in common has given a mortgage upon his undivided interest in the fee, he cannot, in a partition suit, base error upon the action of the court in shifting the mortgage to the portion allotted to him.

[1]Reported in 160 N. W. 496.

Note.—Upon the question of effect of partition on judgment or mortgage on undivided interest of tenant in common in realty, see note in 57 L.R.A 340.

**Costs and disbursements in partition suit.**

2. Costs and disbursements in partition suits may, under section 8037, G. S. 1913, be apportioned between the parties in the district court; and error was committed against plaintiff by an equal apportionment here, since he was not the prevailing party upon the real issue tried.

**Partition — award when permanent improvement has been made by one cotenant.**

3. Where a permanent improvement has been erected by one cotenant with the consent of the other the court, in a case of partition where a division is practicable, may award that portion of the land upon which the improvement is to the one who erected it, without taking its value into consideration, provided no injustice results to the other cotenant; but, if a division cannot be had and a sale is necessary, the court may determine in what amount the present value of the whole is enhanced by reason of such improvement, and direct that out of the proceeds of the sale the amount so determined be paid to the cotenant who made the improvement.

**Same — no relation of landlord and tenant.**

4. The relation of landlord and tenant did not exist between the predecessors in interest of the parties hereto, so that the defendant is precluded from making a claim for the enhanced value given to the property by reason of the vault thereon erected by its predecessor in interest.

**Sale ordered.**

5. The undisputed facts show that the division here cannot be had without serious prejudice to the parties, and a sale is required.

Action in the district court for Meeker county to cancel a lease and for partition of the premises. The case was tried before Daly, J., who made findings and awarded plaintiff the title in fee to the south half of the lot and awarded title in fee to the north half of the lot to defendant, subject to any incumbrances existing on his share of the real estate. From an order denying their motion for judgment in favor of plaintiff or for a new trial, plaintiff and defendant Peterson appealed. Reversed with directions.

*Alva R. Hunt, Ernest W. Campbell* and *E. P. Peterson,* for appellants. *Raymond H. Dart,* for respondent.

HOLT, J.

On the former appeal in this case (Hunt v. Meeker County Abstract & Loan Co. 128 Minn. 207, 150 N. W. 798), it was determined that

plaintiff's right to a partition of the premises was not suspended by the existence of an agreement under which plaintiff was to occupy the second floor and defendant the first floor of the building on the lot, but that partition could be had subject to the provision of this agreement made between former tenants in common of the property and to whose rights the present parties have succeeded, each owning an undivided half of the fee. The case has since been tried, and the court found a division could be made without prejudice to either party, and awarded the south half of the lot and building to plaintiff and the north half to defendant, and made the mortgage which plaintiff had given upon his undivided half a lien upon the south half of the premises, and directed the costs and disbursements of the proceeding to be equally divided. Plaintiff moved for modification of the findings or a new trial. The motion was denied and this appeal followed.

The assignments of error center around these propositions argued in the brief of plaintiff: The court should not have taken into account the vault built by defendant's predecessor in interest; a division was not practical; the mortgage should not have been shifted; costs should not have been divided, and plaintiff should have been allowed for repairs made.

The mortgagee does not complain. The mortgage, being upon plaintiff's interest, should, of course, be shifted to the part allotted to him, or in case of a sale should be paid out of the portion of the proceeds awarded plaintiff.

As to costs it is not perceived that the court erred. It is necessary to resort to the district court, whether the suit for partition be amicable or otherwise, and that court is by section 8037, G. S. 1913, given the power to determine the portion that each one shall pay of the costs, charges and disbursements in such suits. It is not to be assumed that the court in its order for judgment referred to any other costs or disbursements than the ones which, under the section referred to, may be apportioned the parties. Moreover, the bone of contention in this action centers around the vault, and plaintiff seems bent on depriving defendant of all benefit from that improvement erected by defendant's predecessor in interest at large expense and of as permanent a nature as any part of the building of which it forms a part. On this issue defendant prevailed.

The rule as to costs and disbursements which we held applicable in this court, on the taxation of costs on the former appeal (128 Minn. 539, 151 N. W. 1102), does not control the action of the district court with regard to the costs and disbursements under the section cited. An appeal is necessarily an adversary proceeding.

The authorities are almost unanimous upon the proposition that, in a partition suit, where it is practicable to make a division of the property, the court, upon ascertaining that one cotenant has made a permanent and valuable improvement upon the real estate involved, will allot to him that portion upon which the improvement is located, not taking into account the value of the improvement; also, if a division cannot be made without prejudice to the parties, the court will determine the amount in which the value of the premises then stand enhanced because of the improvement, and direct that out of the proceeds of the sale there be paid to the one who made the improvement the amount so determined, and that the remainder be divided among the cotenants in proportion to the undivided interest held by each in the property. In other words, if the improvement made exclusively by one cotenant adds to the price which the property will bring on a sale, the amount so added is to be paid to him. Freeman, Cotenancy and Partition, §§509, 510, 511, 30 Cyc. 233, § 5; McDaniel v. Louisville & N. Ry. Co. 155 Ala. 553, 46 South. 981; Ventre v. Tiscornia, 23 Cal. App. 598, 138 Pac. 954; Cooter v. Dearborn, 115 Ill. 509, 4 N. E. 388; Noble v. Tipton, 219 Ill. 182, 76 N. E. 151, 3 L.R.A.(N.S.) 645; Manternach v. Studt, 240 Ill. 464, 88 N. E. 1000, 130 Am. St. 282; Carver v. Coffman, 109 Ind. 547, 10 N. E. 567; Parish v. Camplin, 139 Ind. 1, 37 N. E. 607; Killmer v. Wuchner, 79 Iowa, 722, 45 N. W. 299; Sarbach v. Newell, 30 Kan. 102, 1 Pac. 30; Fenton v. Miller, 116 Mich. 45, 74 N. W. 384, 72 Am. St. 502; Ford v. Knapp, 102 N. Y. 135; Moore v. Thorpe, 16 R. I. 655, 19 Atl. 321, 7 L.R.A. 731; Ward v. Ward's heirs, 40 W. Va. 611, 21 S. E. 746, 29 L.R.A. 449, 52 Am. St. 911.

But appellant insists that the vault was built by a lessee, and should be treated as an improvement made by one tenant in common while the relation of lessee and lessor existed between him and his cotenant. And it has been held that no allowance can be made in a partition suit to a cotenant who erects improvements while he is in possession as lessee from his cotenant, Cosgriff v. Foss, 152 N. Y. 104, 46 N. E. 307, 36

L.R.A. 753, 57 Am. St. 500. Such also is the intimation in Ventre v. Tiscornia, 23 Cal. App. 598, 138 Pac 954, though the court there held the question of landlord and tenant was not raised in the trial so as to be controlling. This court in Schmidt v. Constans, 82 Minn. 347, 85 N. W. 173, 83 Am. St. 437, decided that, in a partition suit between two tenants in common, where the one, while occupying the entire estate under a lease from the other, made valuable repairs, no compensation for such repairs could be had in the absence of a special agreement that there should be contribution. However, we do not think that the vault in the case at bar was built by a tenant, strictly speaking. The ordinary relation of landlord and tenant was never assumed by plaintiff's and defendant's predecessors in interest. While the Petersons owned the lot they made a contract to sell an undivided half to Branham, and therein agreed that the two parties should erect a two-story brick building similar to the one adjoining the lot on the north; that each should pay one-half of the cost, except that if Branham placed bank fixtures and a vault in the first story he alone should pay therefor. The Petersons being in a business which could be suitably carried on in the second story and Branham intending to embark in the banking business which would require the use of the ground floor, they agreed to so use the building, and in the agreement the use of the second floor was fixed at a yearly rental value of $280 and of the first, or ground floor, at $360. From the latter sum should be deducted taxes, insurance and repairs, and what remained (of the $80) should be equally divided. We take it the parties believed the taxes, insurance and repairs would never amount to $80 per year. If the basement could be let that rent should also be shared by them equally. No time limit was fixed to this arrangement. They evidently intended that it should be in force during the existence of the building they were erecting. Under these facts when plaintiff, who has succeeded to the interests of one of the original co-tenants, does not wish to abide by the original purpose to own undivided interests, but comes into court in an equitable proceeding to compel partition, a situation not contemplated by the agreement, it is just and proper for the court to make the partition upon such basis that if the permanent improvement placed thereon by the cotenant, to whose interest defendant has succeeded, has added to the present value of the property it should have such added value, provided that thereby no harm

or disadvantage comes to plaintiff, the cotenant. If the division made by the court could stand, what possible grievance could appellant find in the fact that the vault is upon respondent's side whose predecessor paid for the structure? And if a sale is necessary no well grounded objection can in fairness be urged against allowing respondent the enhanced price which the premises will bring at the sale because of the vault thereon. It is not perceived that any different principle is applicable in case of sale than in the case of a division. The court found that the vault enhanced or increased the present value or selling price of the premises in the sum of $600. If a sale be necessary that amount should first be allotted to respondent from the proceeds of the sale, and the balance divided equally, subject to the lien of the Peterson mortgage upon appellant's share, and the sale should also be subject to the agreement as to occupation as determined on the former appeal. In this case it is to be noted that the vault was constructed by one tenant in common with the consent of the other. In Cosgriff v. Foss, supra, stress was laid on the fact that the improvement was made without the consent of the cotenant, and also that in that lease there was an express convenant to make repairs. The agreement as to occupancy in the instant case contains no covenants either to pay rent or to make repairs.

Does the evidence sustain the finding "that a division of said property can be made without prejudice to either party?" The lot is only 25 feet wide. The brick walls on either side take room. If now a partition wall of some kind is placed through the center of the building, it leaves each owner with a space of about 11 feet in width, in the clear, and 60 feet deep. The vault is 10 feet wide and 18 feet long, located near the middle of the north side, extending from the north wall 10 feet into the room, so that, after a wall is put through the center of the building from front to rear, it would be impossible for respondent to reach the rear part, except by making a passageway through the vault. This would be costly and impracticable, since the vault is lined on the inside with steel plate and has a steel partition dividing it from north to south. To be sure defendant is not objecting, but the situation is such that prejudice will also result to it from a division, whenever the occupancy agreement comes to an end. If now space for stairways leading to the basement and upper floors is to be taken out of the 11 feet store rooms, it is readily seen that their use for

any kind of business is seriously affected or impaired. The same difficulty applies to the use of that part of the lot not covered by the building. A strip of ground 12½ feet wide scarcely serves any purpose. It even would be useless as a blind alley, for no team could be turned therein. While the division made by the court would work no hardship during the life of the occupancy agreement, we deem it necessary to have regard for the future. In case of destruction of the present building, or when it shall have ceased to serve a useful purpose, it is plain that a strip of ground 12½ feet wide would be almost worthless for building purposes in a city the size of Litchfield. The whole lot is none too wide for the use to which it may be put, and to divide it in two will practically destroy the value of both pieces for all time. Our conclusion is that, with the proper regard for the future as well as the present, a division should not be made and a sale should be directed.

Plaintiff claims that he made certain repairs in the part occupied by him, of which some $50 went to replace a worn-out floor. The court has not found that this enhanced the present value of the premises, and we do not think the evidence required such a finding. It is also contended that, if the enhanced value which the vault gives to the premises at the present time is to be considered in the distribution of the proceeds of the sale, plaintiff should also share in the increased rental value occasioned by the existence of the vault during all the time since its construction. A sufficient answer to the contention is, the original parties to the transaction contemplated that the occupant of the first floor would erect a vault and if any increased rental value resulted therefrom it was either adjusted in the agreement of $80 a year more, fixed for that floor than for the second, or else that it was understood that no account should be made of any increase in rental value from the vault.

There is no need of a new trial. The case is remanded with direction to the court below to strike out the finding of fact that a division can be made without prejudice to either party, and insert instead thereof that a division is impracticable and a sale is necessary, and to amend the conclusion of law to conform with this opinion. We think the finding of fact such as indicated necessarily results from the physical facts—the dimensions of the property and its character concerning which there is no dispute.

Order reversed with directions as above.