Prohl, Respondent, vs. Chicago, Milwaukee & St. Paul Railway Company, Appellant.

*May 2—May 21, 1918.*

*Railroads: Injury to person walking on sidewalk near track: Contributory negligence: Questions for jury.*

While walking, on a cold winter day, with his head wrapped in heavy clothing, upon the sidewalk in a public street, the curb being twenty-four inches from the nearest rail of defendant's track, plaintiff was struck from behind and injured by the tank of an engine which was drawing a train on said track at a speed of ten or twelve miles an hour. There was evidence that the engine bell was not rung or the whistle blown; also that shortly before the accident plaintiff had looked to see whether a train was approaching and that none was coming and he heard none. *Held,* that he was not guilty of contributory negligence as a matter of law either in walking as he did or in failing to see or hear the approaching train.

Appeal from a judgment of the circuit court for Milwaukee county: John J. Gregory, Circuit Judge. *Affirmed.*

Personal injury.    The plaintiff had worked for a number of years at different plants located on Commerce street in the city of Milwaukee, and at the time of the accident in question was working for Conrad Brothers Tannery on said street.    He reported for work in the morning, was advised that his services were not needed on that day, and started to return home, walking southerly on Commerce street.    The defendant's right of way and track are located on the westerly side of Commerce street, and adjacent to the defendant's right of way there is a paved sidewalk varying in width from eight feet to sixteen feet.    At the place where the accident happened the sidewalk is ten feet five inches wide.    The distance between the curb of the sidewalk and the nearest rail of defendant's track is twenty-four inches.    Plaintiff knew that trains might be expected at any time to pass along on the track adjacent to the sidewalk.    While walking on the sidewalk near the curbing he was struck on the right shoulder by the tank of an engine which was drawing a train of cars and proceeding in a southerly direction.    This action was brought in civil court to recover damages for injuries sustained.

The jury found as follows: (1) That the engineer failed to exercise ordinary care in operating the locomotive at the time of and immediately before striking the plaintiff; (2) that the want of such ordinary care was the proximate cause of plaintiff's injury; (3) that plaintiff was not guilty of a want of ordinary care in walking within six and one-half inches of the overhang of defendant's engine, knowing that the engine was approaching; (5) that plaintiff, in the exercise of ordinary care, ought not to have either seen or heard the engine in time to avoid coming in contact with it; and assessed plaintiff's damages at the sum of $630.    After verdict there were motions to change the answers to questions 3 and 5 and for judgment for the defendant on the verdict as modified and a motion for judgment for plaintiff on the ver-

dict. The trial court changed the answer to question number 3 from No to Yes, and upon the verdict as so modified judgment was entered dismissing the complaint.

Plaintiff appealed to the circuit court for Milwaukee county. Upon hearing the circuit court reversed the judgment of the civil court, reinstated the jury's answer to question 3, and gave judgment for the plaintiff upon the special verdict and denied defendant's motions. From the judgment of the circuit court the defendant appeals.

*Rodger M. Trump* of Milwaukee, for the appellant.

For the respondent there was a brief by *Raymond J. Cannon,* attorney, and *W. L. Gold,* of counsel, both of Milwaukee, and oral argument by *Mr. Cannon.*

ROSENBERRY, J. It is claimed that the circuit court erred (1) in restoring the jury's answer to question 3, and in failing to change the answer to question 5 so as to show that plaintiff was guilty of contributory negligence. The accident occurred on the 26th day of January, 1917, at a time when the thermometer registered ten degrees below zero, in consequence of which the plaintiff had his head wrapped in heavy clothing. There is ample evidence in the record to sustain the finding that the engineer did not blow the whistle and that the bell was not rung. The train was moving at a speed of ten to twelve miles an hour and was composed of an engine and eight cars, five loaded with coal and three empties. It is claimed by the defendant that plaintiff's witnesses did not hear the blowing of the whistle or the ringing of the bell because of the noise which the engine was making. On the part of the plaintiff it is claimed that shortly before the accident he had looked to see whether a train was approaching and that none was coming and that he heard none.

If the plaintiff had been walking upon the right of way of the defendant company and had been injured under the circumstances shown by the evidence in this case it might be

fairly said that he was guilty of contributory negligence as a matter of law. In this case, however, the plaintiff was not walking upon the right of way of the defendant company, but upon a public street in a place prepared for pedestrians; and while this did not absolve him from the duty of exercising ordinary care for his own safety, we think under all the facts and circumstances shown by the evidence in this case it was a question for the jury whether or not he was in the exercise of ordinary care in walking as he did. Both the civil court and the circuit court are of opinion that he was not guilty of contributory negligence as a matter of law in failing to see and hear the approaching train, and we cannot say that they are clearly wrong.

· *By the Court.*—Judgment affirmed.