IRA D. KAUFFMAN v. EDWARD ECKHARDT AND OTHERS.[1]

No. 30,556.

December 6, 1935.

[1]Reported in 263 N. W. 610, 264 N. W. 781.

*F. E. Morse* and *L. H. Morse*, for appellants.

*Manahan & Perrier, H. L. & J. W. Schmitt*, and *Charlotte Farrish*, for respondent.

I. M. OLSEN, JUSTICE.

Defendants Edward and Lilla Eckhardt appeal from an order denying their motion for a new trial.

The action is one for partition, and for sale of the lands involved if it shall appear that partition cannot be had without great prejudice to the parties. The lands involved are two separate farms in Blue Earth county. Each farm contains 240 acres, each has the necessary farm buildings upon it, and each, as we gather from the evidence, is separately farmed and occupied. The farms are used for dairy stock and crop purposes and are located in a fertile farm territory. The plaintiff and the defendant Edward Eckhardt each own an undivided one-half of each farm. The defendant Lilla Eckhardt is the wife of Edward. We refer to Edward Eckhardt as defendant. Defendant's interest in the two farms is subject to a mortgage for $14,500. This mortgage was originally given to a bank but has since been acquired and is now owned by the plaintiff. The court found that the cash value of one of the farms was $15,500 and of the other $18,500. This makes the cash value of the two farms $34,000 and the interest of each owner $17,000. The mortgage was not in default either as to principal or interest. The court ordered a sale of the two farms. The order was made November 1, 1934. We see nothing in this situation to prevent a partition in kind, without great prejudice to the owners. We do see that the plaintiff would reap substantial benefits and the defendant suffer corresponding prejudice by a sale instead of a partition in kind. On a sale the plaintiff could bid $31,500 for the farms plus some then accrued interest on the mortgage, and apply his mortgage and his $17,000 interest in the land in payment, without parting with any cash except as to his share of the costs of sale. Defendant, if he were to bid, would have to be prepared to pay all cash up to $31,500, plus any accrued interest and his share of the costs of sale. Again, the sale would deprive defendant of the one-year

period of redemption in case there were a foreclosure of his mortgage. The existence of the mortgage is the only ground shown for ordering a sale.

It is well established in this state that partition in kind is favored rather than a sale. He who asks a sale has the burden of proving that partition in kind cannot be made without great prejudice to the owners. That means to both owners in this case. We fail to find evidence that partition in kind would result in great prejudice to either owner.

The cash value of the farms, taken as a whole, was found to be approximately $71 per acre. The value of the one farm was placed at about $65 per acre and the other about $77 per acre. The court in fixing a cash valuation no doubt had in mind that farms of that size and value are not, in the ordinary course of real estate transactions, sold for all cash, and the further consideration that when such farms are sold on forced sale for cash in partition, or on foreclosure or judicial sale, there is great danger that they will bring materially less than actual value.

There appears here no valid reason why partition in kind cannot be had without prejudice to the parties. There can be allotted to the defendant the $15,500 farm, and to the plaintiff the $18,500 farm and credited on plaintiff's mortgage the $1,500 owelty which he would otherwise have to pay to equalize partition. Or the defendant can be allotted the more valuable farm and be required to pay the owelty. When either method is adopted the statute takes care of the plaintiff's mortgage. 2 Mason Minn. St. 1927, § 9532, provides:

"When there is a lien on an undivided interest or estate of any of the parties, if partition is made such lien is thenceforth a charge only on the share allotted to such party; but such share shall first be charged with its just proportion of the costs and charges of the partition, in preference to such lien."

Partition in this state is by statutory action, but the proceeding is governed by equity principles. Here, equity as well as the law requires partition in kind. By such partition plaintiff suffers no

prejudice as to his mortgage lien. All he has is a lien upon defendant's undivided interest, and when, by partition, the court has segregated that interest, his lien thereon is as valuable as it was before. He retains such lien upon as great a value and security as he had before and, as we view it, in a more convenient and definite way than before partition.

Plaintiff contends that partition in kind cannot be had so as to shift his lien from an undivided interest in the whole property to complete title to a part thereof. There are decisions so holding, where the lienholder is not one of the owners in common and has not consented to such a change. It is sufficient here to say that under our statute above quoted such a lienholder, if a party to the partition suit, cannot defeat partition in kind without showing great loss or prejudice thereby. And none is shown. Neither do we hold that, where the lienholder is the plaintiff in the partition suit and is one of the owners in common of the property, his lien cannot be so shifted, even in the absence of a statute such as ours.

By bringing the suit the plaintiff submits to the court for determination all interests, rights, and liens of the respective parties as to the property involved. He is in no position to object to having his lien transferred to the property allotted to the mortgagor. When he takes his mortgage he takes it subject to the statutory provision quoted. In this state the statute, rather than the court, transfers the lien of the mortgage to the property assigned to the mortgagor.

It is for the trial court to determine and apportion the costs of the partition.

Where partition is to be made, the court must determine the rights and interests of all parties to the action in the property to be partitioned, whether such interests consist of liens, taxes paid, advances, or improvements made.

Where partition in kind is otherwise proper, whether or not the lands are subject to mortgages or other liens is no objection to a partition in kind. Ford v. Kirk, 41 Conn. 9; Stapler v. Hollister, 82 N. J. Eq. 7, 87 A. 335; 47 C. J. p. 448, § 449.

In determining whether there should be a sale, the situation of the parties and the financial ability of either one of the parties to purchase should be considered. Tucker v. Parks, 70 Ga. 414; Clough v. Cromwell, 250 Mass. 324, 145 N. E. 473.

Until the contrary appears, the presumption prevails that partition in kind should be made. Williamson Inv. Co. v. Williamson, 96 Wash. 529, 165 P. 385.

Where a lienholder is a party to the action, his lien should be apportioned between the shares or shifted to the share of the one liable. 47 C. J. p. 482, § 532; Hazen v. Webb, 65 Kan. 38, 68 P. 1096, 93 A. S. R. 276; Womach v. Sandygren, 96 Wash. 12, 164 P. 600.

In the case of Hunt v. Meeker County A. & L. Co. 135 Minn. 134, 160 N. W. 496, one of the parties had given a mortgage on his undivided interest in the property. This court called attention to the fact that the mortgagee did not complain, and then said [135 Minn. 136]: "The mortgage, being upon plaintiff's interest, should, of course, be shifted to the part allotted to him, or in case of a sale should be paid out of the portion of the proceeds awarded plaintiff." There is a recognition of the power of the court to shift the mortgage to the share allotted to the mortgagor, and, as we read the holding, it is not based upon or qualified by the consent or lack of consent of the mortgagee, if such mortgagee is a party to the partition suit.

A large number of decisions have been cited by counsel for each party. We do not deem it necessary to attempt to analyze these decisions nor to extend this opinion by reference thereto. Nor need we consider other errors assigned. The only cause for ordering a sale of these farms was the mortgage referred to. That, being no sufficient ground for ordering a sale, determines this appeal.

There is no claim that the court cannot, by owelty provision, adjust the small difference in value of the farms.

The order appealed from is reversed and the case remanded for further proceedings in accordance with this decision.

## After Reargument.

On January 24, 1936, the following opinion was filed:

Per Curiam.

The order made in the original opinion was: "The order appealed from is reversed and the case remanded for further proceedings in accordance with this decision." Reargument was granted on application of plaintiff on the question of whether this court should amend the order remanding the case so as to instruct the trial court to amend its conclusions of law in conformity with our decision and enter judgment accordingly. That apparently was our intention. Defendants, however, construe the order as granting a new trial, and in that regard urge that, while partition in kind must now be made under our decision, it should be left to the referees to determine the value of each of the farms, and such value may have increased since the trial of the action.

It is important to both parties to this litigation that it be promptly ended. The next crop season is approaching, and it is important that each party know promptly which farm he is to operate. That each party must be awarded one entire farm is beyond question. It does not appear that there is any occasion or necessity for the appointment of referees to divide the property or employ any surveyor or fix any dividing lines or place any markers or monuments.

It is suggested that the referees might value the farms and determine the owelty. By 2 Mason Minn. St. 1927, § 9534, it is left for the court to determine what compensation shall be made by one party to another to equalize the partition. The value of each farm was litigated on the trial, and the court made specific finding as to such values. We see no need for a new trial.

It is ordered that the opinion herein be amended so that the last sentence thereof, reversing the order appealed from and remanding the case for further proceedings, shall read as follows:

"The order appealed from is reversed and the trial court is directed to amend its conclusions of law, and, if necessary, its findings of fact, so as to set off to each of the parties one of the farms in

question and to determine the compensation to be made by one party to the other in order to equalize the partition, and provide for payment or application of such compensation in accordance with our opinion heretofore filed."