HAYDEN, Respondent, vs. NEWMAN and another, Appellants.

*October 14—November 9, 1938.*

318

For the appellants there was a brief by *Kopp & Brunck-horst* of Platteville, and oral argument by *Arthur W. Kopp. Elton S. Karrmann* of Platteville, for the respondent.

NELSON, J.    The defendants contend that the court erred in failing to confirm the report of the commissioners, and in directing that the matter be determined by the casting of lots.

The plaintiff contends that a partition action in this state is an equitable action, and that it was therefore proper for the court to modify or direct the modification of the report of the commissioners in order that equity might be done; that in determining the matter in controversy by lot and approving the result of such determination the court, in effect, recognized that the plaintiff was equitably entitled to the north portion; and that the defendants are not aggrieved because they asserted on the hearing that the lands had been fairly and equitably divided by the commissioners.

The action was commenced and conducted in purported pursuance of ch. 276, Stats., which relates exclusively to partition. The chapter is full and complete. It apparently covers every step and contingency that may arise in a partition action. Up to the time that the commissioners made their report to the court the statute was in all respects substantially, if not specifically, complied with. A hearing was had on the report of the commissioners, and such objections of the plaintiff as were made orally were considered by the court. Notwithstanding the fact that the court was of the view that the commissioners had acted in entire good faith, and that the division of the lands into two parts was in all respects equitable and fair, the court failed to confirm the report of the commissioners and the allotment made by a majority of them. Sec. 276.16, Stats., provides:

"*Report may be set aside.* On good cause shown the court may set aside the report and refer the case to the same, or appoint new, commissioners as often as may be necessary, who shall proceed in like manner as hereinbefore directed."

That section is clear and unambiguous. It permits a court to set aside a report of commissioners in partition only when good cause is shown for so doing. That section is older than the state. See Statutes of the Territory of Wisconsin, 1839, sec. 58, of "An act concerning the tenure of real prop-

erty, the persons capable of holding and conveying, and the manner of transmitting the title thereto," which provided:

"That it shall be lawful for the court, on good cause shown, to set aside the return of the said commissioners, and to appoint, as often as may be necessary, new commissioners, who shall in all things proceed as the other commissioners are herein directed to proceed, and the judgment thereupon to be given shall be of like effect as if judgment had been rendered upon the first return" (p. 190, Terr. Stats. 1839).

See also sec. 30, ch. 108, Stats. 1849, which provided:

"On good cause shown, the court may set aside the report, and commit the case to the same, or appoint new commissioners, as often as may be necessary, who shall proceed in like manner as hereinbefore directed."

It is our opinion that the report of the commissioners in partition cannot be set aside except for good cause shown and that no good cause for so doing was shown. The trial court, clearly, was of the opinion that the division was fair and equitable and that the commissioners acted in good faith. Both the plaintiff and the defendants preferred the north portion. Such preference, however, obviously could not amount to good cause for setting aside the report.

It is reasonably clear that the legislature intended that the report of the commissioners should be controlling in partition proceedings relating to lands, and that it should not be set aside except on good cause shown. This conclusion is fortified by the provisions of sec. 276.53 (1), Stats., which relates to the partition of water powers. That section provides:

"(1) Upon the report of such commissioners and upon hearing the parties the court shall make such order and enter such judgment as the rights of the parties shall require, *confirming or modifying the determination of said commissioners,* or may continue such commissioners and upon rea-

sonable notice, on the application of either party interested, order a re-examination of any of the matters complained of or the examination of any new matter, and from time to time modify its judgment until the rights of the parties and the manner of exercising the same shall be fully settled and defined. Any issue, properly triable by jury, may be so tried and the verdict shall have the same effect as in a common-law action."

There is concededly nothing in the statutes relating to partition which permits or authorizes the court to settle allotment disputes by lot. Had all of the parties upon the hearing to confirm unqualifiedly agreed to have the controversy determined by lot, perhaps no serious objection to such procedure could be suggested, but the defendants reserved their rights to appeal from the refusal of the court to grant their motion to confirm the report. It is clear that the court, either should have confirmed the report or set it aside for good cause, and referred the matter to the same or new commissioners. Under statutes like ours the court has no power to modify the report except possibly as to mistakes in description or like defects. It is the commissioners who make the division and allotment, not the court. Sec. 276.13, Stats., provides:

"In making partition the commissioners *shall divide the real estate and allot the several portions to the respective* parties, quality and quantity relatively considered, according to the respective rights and interests of the parties. . . ."

In modifying the report, by striking out the $625 owelty, the court also erred and in so doing exceeded its authority.

The plaintiff contends that a partition action in this state is purely equitable, and that therefore the court may disregard the clear provisions of the statute, treat the report of the commissioners as advisory only, and in its discretion, change or alter it so that it will conform to its ideas of equity. In our opinion, the contention is not sound. The

statutory proceeding for the partition of land contained in the territorial statutes of 1839 was at law, although the court, sitting as a court of chancery in cases of partition pending therein, might decree a sale of the premises in such cases as the courts of law were authorized by that act to do. See sec. 69, of "An act concerning the tenure of real property," etc., *supra.* Ch. 108, Stats. 1849, however, was so worded as clearly to show that partition actions were regarded as equitable. In evident pursuance of that chapter this court held that partition actions were equitable and that equitable issues only might be determined in partition actions. *Deery v. McClintock,* 31 Wis. 195; *Hardy v. Mills,* 35 Wis. 141; *Williams v. Williams,* 82 Wis. 393, 52 N. W. 429; *O'Hearn v. O'Hearn,* 114 Wis. 428, 90 N. W. 450.

It was held in the *Deery* and *Hardy Cases, supra,* that a court of equity, sitting in a partition proceeding, should not try title to lands where an adequate remedy at law existed. The rule of those cases seems clearly to have been abolished by sec. 276.05, Stats., which provides:

"In all actions for partition the court may try and determine *all questions of conflicting or controverted titles,* quiet title, remove clouds in titles, assign dower and homestead and estate by the curtesy, apportion incumbrances, adjust claims for improvements or for rents and profits; by its judgment invest titles without the forms of conveyances, adjudge a sale either subject to or free from incumbrances, and order sales for the purpose of division in proper cases."

We have examined numerous cases from other jurisdictions. Some of them hold that the court in a partition action may treat the report of the commissioners as merely advisory and consequently modify it so that it will accord with its idea of equity. Others hold that the court must either confirm the report or set it aside and refer the matter to the same or new commissioners. We have also examined the statutes of several of the states for the purpose of determin-

ing to what extent the decisions of the courts were based upon or influenced by statutory law.

The plaintiff relies upon certain language found in the case of *Morris v. Daniel,* 183 Ky. 780, 784, 210 S. W. 668, to wit:

"A report of commissioners filed in a suit is only the recommendation or suggestion of the commissioner which the court may or may not accept and confirm. Often the report is wholly rejected or disregarded; sometimes only partly adopted."

But an examination of the statutes of Kentucky reveals that that state had no statute relating to a partition action.

The plaintiff further relies on *Shearer v. Shearer,* 125 Iowa, 394, 396, 101 N. W. 175. The court in that case states that "the statutes expressly provide that partition shall be by equitable proceedings." An examination of the statutes of Iowa further reveals that sec. 4256, Code of Iowa, 1897, provides in part:

"For good and sufficient reasons appearing to the court, the referees may be directed to allot particular portions of the land to particular individuals."

The law of the several states relating to partition is apparently more or less conflicting. Under our statutes, the authority of the court in partition is clear. The court may set aside the report on good cause. If good cause does not exist, the report of the commissioners should be confirmed.

Even were we to hold that the trial court was sitting as a court of equity, we should have to hold that no showing was made which would have justified the court in overturning the report of the commissioners.

*By the Court.*—Judgment reversed, and cause remanded with directions to confirm the report of the commissioners as rendered.