# ISABEL SWOGGER AND OTHERS v. JOHN W. TAYLOR.[1]

January 21, 1955.

No. 36,382.

[1]Reported in 68 N. W. (2d) 376.

*Bang, Nierengarten & Hoversten,* for appellant.
*Meighen, Sturtz & Peterson,* for respondents.

MATSON, JUSTICE.

In an action for the partition of real estate, defendant appeals from an order denying his motion for a new trial.

The parties to this action, as tenants in common, are the sole owners of a 425-acre farm in Freeborn county in the following proportions: Plaintiff—Isabel Swogger, 7/16; plaintiff—Dwight Haney, 1/3 of 7/16; plaintiff—Harold Haney, 1/3 of 7/16; plaintiff—Delmas Haney, 1/3 of 7/16; and defendant—John W. Taylor, 2/16.

The farm is operated principally as a truck farm and has storage and railroad shipping facilities for the products raised. The owners as partners operate the farm under the firm name of the "Kansota Farms." Before the trial the partners entered into a stipulation for the voluntary dissolution of the partnership. Consequently the trial court did not act upon the plaintiffs' request for a decree dissolving the partnership. The parties could not, however, agree upon the proper mode of partition for the farm, and that question was left to the trial court for determination.

Plaintiffs pray for a sale of the entire premises and a division of the proceeds of the sale on the ground that a partition in kind will prejudice each owner by materially diminishing the value of his share. Defendant on the other hand opposes a sale of the *entire* premises and urges instead either a partition in kind of the entire premises, or in lieu thereof, a partial partition in kind whereby he is specifically awarded as his sole property the main farm residence, a share in the usage of the warehouse and spur track, and such acreage as will give him his fractional share. Defendant asserts that it is within the inherent equitable power of the court to decree a partial partition in kind, whereby a designated part of a single track is assigned to a certain owner for his sole benefit, and to decree that the remainder of the tract is partitioned by sale for the benefit of the remaining owners.

Aside from the primary question as to the court's inherent power to decree a partial partition in kind, by setting aside a specific fractional part of a single tract of the land to one of the owners, and a partition by sale of the remainder of the tract for the benefit

of the other owners, we have a further question as to the admissibility of evidence of farm productivity and profits for the preceding years in determining farm value.

There are several roads crossing the 425-acre farm, including a main highway. A judicial ditch extends over a portion of the premises. The acreage used for farming purposes, inclusive of the land occupied by the buildings and a warehouse, comprises approximately 360 acres. This usable farm acreage consists of about 280 acres of peat or muck land and about 70 acres of mineral land. The farm improvements include a fairly modern farmhouse, which has been occupied by the defendant as manager of the farm, two small houses, which are occupied by laborers, a barn, some small sheds, a well, and a large warehouse (180 feet long and 36 feet wide), which is located on a railroad spur. The warehouse is used for storing and grading vegetables, for conducting sales, and as a railway and truck shipping point for the products raised on the farm. This warehouse and railway spur are located several miles from any other shipping point. The farm is equipped with an irrigation system and is crisscrossed by 11 miles of drainage tile.

The trial court determined that a partition in kind would be prejudicial and ordered a sale of the farm as a unit. Defendant appeals from an order denying his motion for amended findings or a new trial.

■ Although partition in this jurisdiction is by a statutory action in which the proceedings are governed by equity principles,[2] it is an open question whether our statutes (M. S. A. 558.01 to 558.32), in supplanting the pre-existing procedures at common law and in equity,[3] made all partition proceedings statutory without restricting or impairing the court's inherent power to do equity as the peculiar circumstances of each case might require. If the court's inherent equitable power remains unimpaired, then the statutes merely prescribe the form of action and the procedure to be followed, but leave

---

[2]Kauffman v. Eckhardt, 195 Minn. 569, 571, 263 N. W. 610, 611, 264 N. W. 781.

[3]Hoerr v. Hoerr, 140 Minn. 223, 165 N. W. 472, 167 N. W. 735.

the court free to utilize its general equitable rules to fill out the silent spaces in the partition statutes. In other words, are the court's inherent equitable powers supplementary to the statutory provisions?

In the United States, partition statutes exist in every state. The prevailing view as to the effect of these statutes upon the equitable powers of the court is thus set forth in Restatement, Property, p. 655:

"The prevalence and detailed provisions of these statutes might well have caused them to be regarded as constituting a complete and self-contained system, wholly supplanting the equity jurisdiction as to partition. *This view has not prevailed. Thus the existing law as to partition has at least two major ingredients, the statutory element, declaratory in large part of pre-existing practices, and the surviving equitable supplementary material.* States differ in the mode of expressing how the surviving equitable material supplements the statutory provisions. Some construe the statute to provide a cumulative remedy which leaves the pre-existing equitable jurisdiction to partition wholly unaffected. Others construe the statute to be exclusive in the cases covered by it but supplemented by an equitable jurisdiction operative in situations not adequately covered by it. *Still others regard the statute as making all proceedings for partition equitable and hence utilize the equitable rules of partition to fill out the silent spaces in the enacted statute.* Under any one of these three approaches, the equitable ingredient supplements the statutory provisions in a manner frequently significant."[4] (Italics supplied.)

What equitable jurisdiction in partition did the district court possess prior to the enactment of our partition act (§§ 558.01 to 558.32) and what effect, if any, did this act have upon that jurisdic-

---

[4]See, Freeman, Cotenancy and Partition (2 ed.) §§ 428, 429; Haywood v. Judson, 4 Barb. (N. Y.) 228, 230, 231; Wright v. Marsh, Lee & Delavan, 2 Greene (Iowa) 94; Spitts v. Wells & Wells, 18 Mo. 289, 291; Whitten v. Whitten, 36 N. H. 326, 332; Shippert v. Shippert, 371 Ill. 267, 20 N. E. (2d) 597; Moore v. Willey, 77 Ark. 317, 91 S. W. 184, 113 A. S. R. 151; 40 Am. Jur., Partition, § 83, and cases under note 16.

tion? The Organic Act for the establishment of the territory of Minnesota[5] specifically provided in § 9 that the territorial supreme and district courts "shall possess chancery as well as common law jurisdiction." Section 12 of the same Organic Act declared that the laws in force in the territory of Wisconsin at the date of admission of the state of Wisconsin should be operative in the territory of Minnesota until altered or repealed by our territorial governor and legislative assembly. The Wisconsin territorial act[6] then governing chancery proceedings provided in § 1 thereof that:

"The district courts of the territory shall have jurisdiction in cases properly cognizable by a court of chancery, in which a plain, adequate and complete remedy cannot be had at law."

Clearly our territorial district courts were initially vested with, and exercised,[7] full chancery powers enabling them to do complete justice according to the circumstances of each case.[8] The territorial act of 1853, abolishing separate chancery courts and vesting all equity powers in the law courts, did not impair the court's inherent equitable powers. Stone v. Bassett, 4 Minn. 215 at p. 220 (298 at p. 302). Our state constitution (Minn. Const. art 6, § 5) has preserved such original general equity jurisdiction for our state district courts. We need not dwell upon the close historical relation between statutory actions and equitable proceedings in partition except to observe that such relationship has indeed made equitable principles

[5] Act of Congress, March 3, 1849, 9 Stat. 403, reported in M. S. A. pp. 24 to 28.

[6] Statutes of the territory of Wisconsin—an act to prescribe the mode of proceeding in chancery—§ 1, p. 282.

[7] Prior to 1853 the territorial district courts exercised equitable powers as distinct chancery courts, and in accordance with usual chancery practice. The same judges presided over both the chancery and the law courts. See, Gates v. Smith, 2 Minn. 21 (30); Stone v. Bassett, 4 Minn. 215 at p. 220 (298 at p. 302); Crombie v. Little, 47 Minn. 581, 584, 50 N. W. 823, 824; 6 Dunnell, Dig. (3 ed.) § 3143.

[8] See, Wright v. Marsh, Lee & Delavan, 2 Greene (Iowa) 94, 105.

464

significant in the application of our present partition act.[9] Although the prevailing view is as indicated, there is of course some disagreement as to whether equitable principles have now been restricted to a statutory strait jacket or whether such principles remain as an interstitial supplement to the partition statutes.

■ Our first partition act—of which our present statutes (§§ 558.01 to 558.32) are but amendatory offshoots—was enacted by the territorial legislature. R. S. 1851, c. 75. Although, since the adoption of the code in this state, a statutory partition action is governed by the rules of pleading, practice, and evidence applicable to an ordinary civil action,[10] determinations under the statutory procedure are, nevertheless, governed by equitable principles.[11] These statutes not only prescribe the procedure to be followed but are also declaratory of certain plans of partition and also of certain circumstances or situations which call for judicial action. Is the court's inherent equitable power to act confined only to the plans of partition enumerated in the statutory provisions? We must conclude to the contrary.

■ Equity, which is not a distinct and self-sufficient juristic system designed to overrule or correct other law, functions as a supplement to the rest of the law where its remedies are inadequate to do complete justice. 6 Dunnell, Dig. (3 ed.) § 3135. Since the code abolished separate courts of chancery and made relief available in both equity and at law in a single action, equity, in fusing itself with the law, has been extended into new fields but without any loss of its basic function as a supplemental source of relief. Where, as here, a statute has only enlarged and united court powers previously existing at common law and in equity, and modified the proceedings under those powers, such statute is not, in the absence of express

[9]See, Hoerr v. Hoerr, 140 Minn. 223, 165 N. W. 472, 167 N. W. 735; 4 Powell, Real Property, § 609; Restatement, Property, pp. 654, 655.

[10]McArthur v. Clark, 86 Minn. 165, 90 N. W. 369; 14 Dunnell, Dig. (3 ed.) § 7333; 6 Dunnell, Dig. (3 ed.) § 3144.

[11]Hoerr v. Hoerr, 140 Minn. 223, 165 N. W. 472, 167 N. W. 735; Schoonmaker v. St. Paul Title & Trust Co. 152 Minn. 94, 188 N. W. 223; Kirsch v. Scandia American Bank, 160 Minn. 269, 199 N. W. 881; Kauffman v. Eckhardt, 195 Minn. 569, 263 N. W. 610, 264 N. W. 781.

language or necessary implication, to be construed as supplanting, impairing, or restricting equity's normal function as an aid to complete justice.[12] A statute is not to be construed in derogation of well-established principles of common law, *or of equity,* unless so required by express words or by necessary implication and then only to the extent clearly indicated. State Bank of Milan v. Sylte, 162 Minn. 72, 75, 202 N. W. 70, 71; 50 Am. Jur., Statutes, § 401. Any other holding would defeat equity's fundamental purpose. Statutory enactments, even though they provide new procedures to enforce pre-existing rights at law and in equity, are to be read in harmony with the existing body of law, inclusive of existing equitable principles, unless an intention to change or repeal it is apparent. See, State Bank of Milan v. Sylte, *supra.*[13]

■ Only three sections of our partition act, namely, §§ 558.11, 558.12, and 558.14, refer to methods or plans of partition. The first refers to owelty and the second to a mill or a tenement incapable of division. Only the third, § 558.14, presents any general plan for partition in kind and by sale. It reads:

"Except as provided in section 558.15, if it is alleged in the complaint and established by evidence that the *property, or any part of it,* is so situated that partition *cannot be had without great prejudice to the owners,* the court may order a sale of the property or of such part, and for that purpose may appoint one or more referees; or when, without such allegation and proof, referees are appointed to make partition, who report that the *property, or any distinct part of it,* is so situated that partition cannot be had without great prejudice to the owners, and the court is satisfied that such report is correct, it may order the referees to sell the property or such part." (Italics supplied.)

---

[12]See, Wright v. Marsh, Lee & Delavan, 2 Greene (Iowa) 94.

[13]We here refrain from indicating in what manner or to what extent the legislature may regulate, extend, or restrict a superior court's inherent equitable powers. On this point, see 30 Mich. L. Rev. 773 to 784; Mutual L. Ins. Co. v. Stevens, 157 Minn. 253, 195 N. W. 913.

The word *property* as used in the above section may clearly encompass one or more tracts, and the phrase *any part of it* may include either a separate tract or an undivided part of a single tract. There is nothing in this section, or any other section, which expressly, or by necessary implication, precludes a setting off of a part of a tract to one owner as his share, and a sale of the remainder of such tract with a division of the proceeds to the remaining owners, as long as it appears that it may be done without great prejudice to any of them.[14]

Section 558.16, which governs the distribution of the proceeds of a sale, provides that after the payment of costs and the satisfaction of any liens, the residue shall be divided *among the owners of the property sold* according to their respective shares. This latter section does not by necessary implication preclude an allotment in kind of a share to one owner and a partition by sale for the remaining owners. It would indeed be a narrow construction to hold that one owner may not be paid by receiving his share in kind and that the others may not be paid by receiving shares in the proceeds of a sale of the remainder of the tract. Furthermore, it may reasonably be held that, after one owner has received his share in kind, he in effect ceases to be one of the owners of the remainder of the tract which is to be sold.

Although the statutory (§§ 558.01 to 558.32) partition procedure must be followed, we conclude, in accord with the prevailing view, that once the court has taken jurisdiction of the individual case, its equitable determinations therein are not restricted to the specific situations and the methods or plans of partition enumerated in the partition act, but it may exercise its general equitable powers and resort to the most advantageous plans which the nature of the particular case admits in effecting, without great prejudice to any of the owners, a partition of one or more tracts, whether such partition

---

[14]As to what constitutes prejudice so as to justify a sale, see Pigeon River Lbr. Co. v. McDougall, 169 Minn. 83, 87, 210 N. W. 850, 852; Trowbridge v. Donner, 152 Neb. 206, 213, 214, 40 N. W. (2d) 655, 660; 40 Am. Jur., Partition, § 83, p. 74.

be accomplished by a division in kind, by sale, or by any practical combination of both methods.

■ It follows that under our partition act, the court in the exercise of its inherent equitable power may decree, where practicable and where no prejudice will result to the owners, a partial partition in kind by allotting to one of the owners one of several tracts, or a part of a single tract, in satisfaction of his share, and order a partition by sale of the remainder of the single tract, or of the other tracts, with a division of the sale proceeds among the other owners in satisfaction of their respective shares. Partitions of a single tract, or of several tracts, have been made in this manner in a number of jurisdictions.[15]

■ Where it can be had without great prejudice to the owners, the law favors partition in kind rather than a sale and a division of the proceeds among the owners.[16] Until the contrary appears, the presumption prevails that partition in kind should be made.[17] He who asks a sale has the burden of proving that partition in kind cannot be made without great prejudice to the owners.[18] Whatever mode of partition is adopted it must be capable of execution without advancing the interests of one owner at the expense of the others. Ordinarily when the property is partitioned in kind, the owners must take potluck, and no one owner has a preferred claim to a distinct piece of property to the exclusion of the others, and each owner takes the share allotted to him by the statutory referees.[19] Where,

[15]This was done in Shippert v. Shippert, 371 Ill. 267, 20 N. E. (2d) 597; Newsom v. Johnson (Ky.) 255 S. W. (2d) 33; Haywood v. Judson, 4 Barb. (N. Y.) 228; Jackson v. Beach, 9 N. J. L. J. 8, 2 A. 22; Lucas v. Peters, 45 Ind. 313; Hall v. Hall, 250 Ala. 702, 35 So. (2d) 681; see, Hall v. Piddock, 21 N. J. Eq. 311; Freeman, Cotenancy and Partition (2 ed.) § 425; Knapp, Partition, p. 212; 68 C. J. S., Partition, § 128.

[16]Sections 558.01 and 558.14; Kauffman v. Eckhardt, 195 Minn. 569, 263 N. W. 610, 264 N. W. 781; Pigeon River Lbr. Co. v. McDougall, 169 Minn. 83, 210 N. W. 850; Keyser v. Hage, 143 Minn. 447, 174 N. W. 305; 4 Pomeroy, Equity Jurisprudence (5 ed.) § 1390.

[17]Kauffman v. Eckhardt, *supra.*

[18]Kauffman v. Eckhardt, *supra.*

[19]See, §§ 558.04 and 558.12; Hayden v. Newman, 229 Wis. 316, 282 N. W. 66.

however, it is shown to be for the best interest of all owners, a specific portion of the property may be set off to one owner and the remainder of the property sold with a division of the proceeds among the remaining owners. See, Shippert v. Shippert, 371 Ill. 267, 20 N. E. (2d) 597. In devising a partition plan without causing great prejudice to the owners, the court, in determining if the property is to be sold in whole or in part, may take into consideration the situation of the parties and their respective financial abilities, the location and the character of the property, and the size and utility of the respective shares if a partition in kind were made.[20]

Although the evidence sustains the findings of the court, this case must be remanded for the taking of further evidence upon the issue of whether a specific share of the premises may be allotted to the defendant and the remainder of the tract sold with a subsequent division of the proceeds among the plaintiffs without thereby causing great prejudice to the plaintiffs. The trial court denied defendant's offer of proof on this issue on the erroneous ground that a statutory partition does not permit anything but a complete partition in kind of the entire tract under consideration. We see no reason for ordering a new trial since it is only necessary to take such additional evidence and for the court to make new findings in the light of such additional evidence.

■ Under the circumstances here existing, involving either partition in kind or a sale of a single tract, or a combination of both methods, the court did not err in excluding evidence of the profits and losses in the farm's operation. Proper evidence of value is admissible after the premises have been sold and the question arises (§ 558.21) whether the sale should be confirmed.[21] The court may consider evidence of values of different parts of property in determining whether it is practical to have a partition in kind which will

---

[20]See, Hoerr v. Hoerr, 140 Minn. 223, 165 N. W. 472, 167 N. W. 735; Kauffman v. Eckhardt, 195 Minn. 569, 263 N. W. 610, 264 N. W. 781; Hunt v. Meeker County Abstract & Loan Co. 135 Minn. 134, 160 N. W. 496; Hoverson v. Hoverson, 216 Minn. 228, 12 N. W. (2d) 501.

[21]See, Jallo v. Jallo, 219 Minn. 241, 17 N. W. (2d) 710; Grimm v. Grimm, 190 Minn. 474, 252 N. W. 231; Johnson v. Avery, 60 Minn. 262, 62 N. W. 283.

not cause great prejudice to any of the parties. The evidence, however, of the profits and losses of an entire farm, which embraces a variety of soils and improvements, is admissible since it has no relevancy in determining whether the farm is divisible.

The order of the trial court is vacated and the case is remanded to the trial court for the taking of additional evidence and the making of new findings in accordance with this opinion.

Order appealed from is vacated and case remanded.