AFSCME COUNCIL NO. 14, LOCAL UNION NO. 517, Respondent,

v.

**WASHINGTON COUNTY BOARD OF COMMISSIONERS, et al., Respondents,**

**Washington County Library Board, Appellant.**

No. C1-94-1748.

Court of Appeals of Minnesota.

Jan. 31, 1995.

---

Gregg M. Corwin, Ann E. Walther, Gregg M. Corwin & Associates, St. Louis Park, for AFSCME Council No. 14, Local Union No. 517.

Richard M. Arney, Washington County Atty., George Kuprian, Asst. County Atty., Stillwater, for Washington County Bd. of Com'rs.

Terrence J. Foy, Ratwik, Roszak, Bergstrom & Maloney, P.A., Minneapolis, for Washington County Library Bd.

Considered and decided by HUSPENI, P.J., and SCHUMACHER and MANSUR*, JJ.

## OPINION

.HUSPENI, Judge.

Respondent American Federation of State, County and Municipal Employees (AFSCME) brought a declaratory judgment action seeking a determination that the Washington County Board of Commissioners (County Board) is the employer of library employees. Appellant Washington County Library Board (Library Board) moved for summary judgment on both procedural and substantive grounds, arguing that a 1986 summary judgment precluded this action and that appellant itself is the sole employer of the library employees pursuant to the Public Employee Labor Relations Act (PELRA), Minn.Stat. § 179A.03, subd. 13. The district court denied the Library Board's motion on

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 10.

the grounds that neither res judicata nor collateral estoppel precluded the action and issued a declaratory judgment that the Library Board and the County Board are joint employers pursuant to the County Personnel Act. Because we find no error in the trial court's decisions, we affirm.

## FACTS

In October 1985, AFSCME brought an action against the County Board and the Library Board, seeking injunctive relief for the Library Board's allegedly unfair labor practice in having refused increases to public employees who were seeking to organize and obtain representation. The County Board sought to be dismissed from this action and moved for summary judgment on the grounds that it was not their employer. Neither AFSCME nor the County Board submitted memoranda supporting or refuting the motion, which was granted from the bench.[1] AFSCME appealed, but withdrew the appeal in May 1986, after the parties stipulated to a dismissal granting the employees the relief AFSCME sought.

Since 1986, the Library Board has acted as the sole employer of the library employees by negotiating four collective bargaining agreements for them with AFSCME. The agreements were signed only by the Library Board and AFSCME; the County Board played no role. When the Library Board would not comply with the Pay Equity Act in 1990, however, AFSCME informed both the Library Board and the County Board that it considered the County Board to be the employer.

Following unsuccessful attempts to settle the Pay Equity Act controversy, AFSCME filed this lawsuit in 1993 to obtain a determination that the County Board is the employer. The district court denied the Library Board's motion for summary judgment and issued a declaratory judgment that the 1986 dispute did not preclude the present action and that both the County Board and the

1. The motion was granted in 1985 but judgment was not entered until 1986.

Library Board are employers pursuant to Minn.Stat. § 375.64.

## ISSUES

1. Does either res judicata or collateral estoppel bar AFSCME from litigating the issue of who is an employer?

2. Are PELRA and the County Personnel Act inherently in conflict on the issue of who is an employer?

 A. Does PELRA preclude the County Board from being an employer of library employees?

 B. Does the County Personnel Act apply to the Library Board?

## ANALYSIS

**1. Does the 1985–86 decision have res judicata or collateral estoppel effect on this proceeding?**

This court reviews de novo the availability of res judicata and collateral estoppel. *Hennepin County v. Hanneman,* 472 N.W.2d 149, 152 (Minn.App.1991), *pet. for rev. denied* (Minn. Aug. 29, 1991). Neither res judicata nor collateral estoppel is to be rigidly applied. *AFSCME Council 96 v. Arrowhead Reg. Corr. Bd.,* 356 N.W.2d 295, 299 (Minn.1984).

### A. Res Judicata

Res judicata applies when there has been a final judgment on the merits, the same cause of action is involved, and the parties are identical. *In re MedCenters Health Care, Inc.,* 450 N.W.2d 635, 641 (Minn.App.1990), *pet. for rev. denied* (Minn. Mar. 8, 1990). It is undisputed that the same parties are involved in the 1993 declaratory judgment action as in the 1985 injunctive relief action.

The trial court found that

[t]he facts and the alleged violation in the 1985 complaint deal primarily with enforcement of administrative orders, and bear absolutely no resemblance to the factual allegations in the 1993 complaint, require an entirely different body of evidence, and relate to an entirely different law, [the Pay Equity Act, Minn.Stat.

§ 471.991 et seq.] a law not even enacted until 1988. Therefore, res judicata simply does not apply.

The 1985 determination was made from the bench in response to a summary judgment motion brought by a party seeking to be dismissed from the main action. The court never investigated, much less determined, the merits of the County's Board's status as an employer.

The dispositive factor for determining whether two causes of action are the same is whether the same evidence will sustain both actions. *MedCenters Health Care,* 450 N.W.2d at 641. AFSCME first brought its unfair labor practices action against both the Library Board and the County Board because the Library Board claimed to have been directed by the County Board. Evidence on this point is irrelevant to the present cause of action, which is therefore not precluded by res judicata.

### B. Collateral Estoppel

Collateral estoppel is appropriate where: (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. *Willems v. Commissioner of Pub. Safety,* 333 N.W.2d 619, 621 (Minn.1983). The third criterion is undisputed. Assuming arguendo that the first and second are also undisputed, the fourth would preclude the application of collateral estoppel.

Notice of the 1985 summary judgment motion was served without any legal support only three days prior to the hearing. No memoranda were prepared, and there was little time to respond orally to the motion. The court in the 1985 action issued no findings, conclusion, or memorandum. Issues not fully adjudicated are not subject to collateral estoppel. *Hollenkamp v. Peters,* 410 N.W.2d 427, 432 (Minn.App.1987).

The district court's refusal to apply the doctrines of res judicata and collateral estoppel is amply supported by case law. "Nei-

ther collateral estoppel nor res judicata is rigidly applied. Both rules are qualified or rejected when their application would contravene an overriding public policy." *AFSCME Council 96*, 356 N.W.2d at 299 (quoting *Tipler v. E.I. duPont deNemours & Co.*, 443 F.2d 125, 128 (6th Cir.1971)). Here, the 1985 proceeding had led to a practice which the trial court found clearly violated Minn.Stat. § 375.64. In drafting statutes, the legislature is presumed to favor the public interest. Minn.Stat. § 645.17(5) (1992); *see also Good Neighbor Care Centers, Inc. v. State, Dep't of Human Servs.*, 428 N.W.2d 397, 401 (Minn. App.1988), *pet. for rev. denied* (Minn. Oct. 19, 1988). We share the district court's concern that because the issues were not fully litigated in the 1985 proceeding, applying res judicata or collateral estoppel might result in an incorrect application of the law, as well as subject the parties to protracted litigation on procedural questions rather than provide a substantive ruling addressing the merits of the issue. We uphold the district court's refusal to apply the doctrines of res judicata and collateral estoppel.

## 2. Are PELRA and the County Personnel Act inherently in conflict on the issue of who is an employer?

 Interpretation of a statute is a question of law. *Ryan v. ITT Life Ins. Corp.*, 450 N.W.2d 126, 128 (Minn.1990). A trial court's decisions on questions of law are not binding on the court of appeals and may be reviewed de novo. *Western Insulation Servs., Inc. v. Central Nat'l Ins. Co.*, 460 N.W.2d 355, 357 (Minn.App.1990).

### A. Does PELRA preclude the County Board from being an employer of library employees?

 The crux of the Library Board's argument that it is the sole employer is the alleged conflict between the County Personnel Act and PELRA. The County Personnel Act provides that two entities shall be deemed joint employers; PELRA provides that only one of the two shall be the employer.

PELRA reads in relevant part:

"Public Employer" or "employer" means:

\* \* \* \* \* \*

(c) notwithstanding any other law to the contrary, the governing body of a political subdivision *or* its agency or instrumentality which has final budgetary approval authority for its employees.

Minn.Stat. § 179A.03, subd. 15 (1992) (emphasis added). The County Personnel Act provides that:

[f]or purposes of negotiating collective bargaining agreements and resolving grievances involving them pursuant to sections 179A.01 to 179A.25, the appointing authority *and* the county board shall be deemed the joint employer for positions within the jurisdiction of a personnel department established pursuant to sections 375.56 to 375.71. Both shall be signatories to negotiated agreements or grievance settlements.

Minn.Stat. § 375.64, subd. 1 (1992) (emphasis added).[2]

The Library Board argues that it is the employer pursuant to PELRA because it has "final budgetary approval authority" over expenditures made from the library budget, pursuant to Minn.Stat. § 134.11, subd. 2 (1992), which provides:

[Library boards have] exclusive control of the expenditure of all money collected for or placed to the credit of the library fund, of interest earned.

The issue is semantic: does the phrase "final budgetary approval authority" mean authority to decide how money already in a budget is to be spent or authority to decide how much money is to be put in a budget?

The question was specifically addressed in this context by Bureau of Mediation Services (BMS) Case No. 84–PR–299A (1984),[3] *Minnesota Council No. 65, AFSCME, AFL–CIO*, holding that although the Library

---

2. The district court observed that "[d]espite what appears to be a clear statutory mandate, however, the parties have all been operating under a contrary assumption [i.e. that the County Board is not the employer] for the past eight years, which greatly troubles the court."

3. BMS is the agency which administers PELRA.

Board had statutory control over the expenditure of the library fund,

> the City of Hibbing alone has the authority to levy the taxes to fund the Library and * * * the City of Hibbing has final budgetary approval authority over the budget of the Library Board.

> \* \* \* \* \* \*

> The City of Hibbing is the "public employer" for employees of the Public Library Board * * * within the meaning of Minn. Stat. § 179.63, subd. 4 [the predecessor of today's PELRA.]

We find the reasoning of this BMS case to be persuasive. While the Library Board attempts to distinguish the case on the grounds that the budget submitted by the Hibbing library board was subject to city approval, we conclude that the city of Hibbing was found to be the employer not because it had a right to approve the way the library spent its money, but because it had an obligation to provide the money for the library to spend. *See also City of Luverne*, BMS Case Nos. 88–PR–334 and 89–PR–2119 (1989) (holding that a library board was not the public employer of library employees where "the City and County share joint and equal accountability for the funding of the budget").

Moreover, the legislative history of PELRA, derived from Minn.Stat. § 179.63, subd. 4 (1978), makes it clear that the intent of the "final budgetary approval" language was to establish the county as the employer; PELRA was amended to include agency heads in the collective bargaining process.

> [T]he legislature amended Minn.Stat. § 179.63, subd. 4 (1980) to read in part: " 'Public employer' * * * means * * * (c) notwithstanding [section] 387.14 * * * the governing body * * * which has final budgetary approval authority * * * provided that the views of elected appointing authorities who shall have standing to initiate interest arbitration, and who are responsible for the selection, direction, discipline, and discharge of individual employees shall be considered by the employer * * *."

Act of March 22, 1982, ch. 588, § 1, 1982 Minn.Laws 1341, 1341–42. This amendment is generally consistent with our hold-

ing that county boards are employers under PELRA.

*General Drivers v. Aitkin County Bd.*, 320 N.W.2d 695, 701 n. 5 (Minn.1982). *General Drivers* held that county boards are employers, and that while agency heads have the right to be consulted, they do not have joint employer status. *Id.* at 700–01.

We are persuaded that the County Board, which funds the library budget, is the public employer under PELRA.

## B. Does the County Personnel Act apply to the Library Board?

Even if we were to assume for the sake of further analysis that the County Board was not the employer under PELRA, it is clearly a joint employer pursuant to the County Personnel Act, Minn.Stat. § 375.64, subd. 1, which states, "the appointing authority and the county board shall be deemed the joint employer." The Library Board argues that the County Personnel Act is irrelevant first because it conflicts with and is superseded by PELRA, and secondly, because it does not apply to the Library Board.

■ The Library Board maintains that because PELRA contains "notwithstanding any other law to the contrary" language, it supersedes the County Personnel Act. However, the County Personnel Act is not "any other law to the contrary." There is no necessary opposition between holding that the County Board is the employer under PELRA and holding that it is a joint employer under the County Personnel Act. Absent legislative direction to the contrary, PELRA and the County Personnel Act should be read in harmony with each other. *See Swogger v. Taylor*, 243 Minn. 458, 464, 68 N.W.2d 376, 382 (1955). Since they can be read so as not to conflict, the issue of supersession does not arise.

■ Further, even if PELRA and the County Personnel Act were to be read so as to conflict, maxims of statutory construction would favor enforcement of section 375.64 over the remaining provisions. If two statutes are in conflict, the more specific provision controls the more general. *Ford v. Emerson Elec. Co.*, 430 N.W.2d 198, 200 (Minn. App.1988), *pet. for rev. denied* (Minn. Dec. 16, 1988). The provision enacted most re-

cently controls. *In re Estate of Rosenberger,* 495 N.W.2d 234, 236 (Minn.App.1993). Here, the district court noted and we agree:

> The more specific directive is Minn.Stat. § 375.64. Also, section 375.64 was enacted more recently than section 134.11. Section 375.64 seems to accommodate the conflicting budgetary controls, expressly refers to section 179A.03, and resolves the conflict in applying the "final budgetary approval" test. The library board can enact rules to conduct its business, and comply with employment directives established by the county personnel administration. Both the county and the library board have some budgetary control, and both probably should participate in negotiations.

■ Finally, the Library Board argues that the County Personnel Act does not apply here, because while the Library Board is the employer of library employees, it is neither a "county board" nor an "appointing authority," the two entities which the County Personnel Act defines as joint employers. The Library Board's argument that it is not an "appointing authority" is circular: it says it is not an appointing authority because it appoints only library employees, who cannot be considered county employees because they are not appointed by an "appointing authority."

Moreover, the Library Board's argument renders absurd the County Personnel Act's provision that both the appointing authority *and* the county board are joint employers of county personnel: the provision presupposes that employees appointed by an appointing authority are employees of the county as well as of that authority. The County Personnel Act applies to the Library Board.

## DECISION

Respondent's action to determine whether the County Board is the employer of library employees was not precluded by res judicata or collateral estoppel. Pursuant to the County Personnel Act, the County Board is a joint employer.

Affirmed.